[No. 9058.    Department Two.    February 7, 1911.]

THE STATE OF WASHINGTON, *on the Relation of A. G. Linhoff, Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

APPEAL — DECISIONS REVIEWABLE — CESSATION OF CONTROVERSY — DISMISSAL. A cause pending in the supreme court, arising under a certain city ordinance, will not be dismissed on the ground of cessation of the controversy by reason of the fact that the ordinance has been amended in certain particulars or reenacted, when the changes made are irrelevant to the issues presented in the pending case and the subject-matter of the suit is in no way destroyed or modified by the amendatory ordinances.

Motions to dismiss an appeal from a judgment of the superior court for King county, Gay, J., entered March 2, 1910, or to remand the case with instructions to dismiss the action. Denied.

*Will H. Thompson* and *Morris B. Sachs*, for appellant.

*Scott Calhoun* and *H. D. Hughes*, for respondent.

CHADWICK, J.—This case is pending on appeal and is brought before us upon two motions, the one that the appeal be dismissed, the other that the case be remanded to the superior court with instructions to dismiss the action, for the reason that the controversy has ceased to exist. For some time prior to October, 1910, the appellant company was operating a line of street railway in the city of Seattle, under a franchise evidenced by Ordinance No. 15,919. Section 4 of this ordinance provided, among other things, for a common user under certain conditions, and also provided for transfers from one line of street railway to another. The present action grows out of a difference between the city and the company respecting transfers to other lines of railway.

Pending the appeal to this court, it seems to have become necessary to make certain changes in the routing of the cars.

[1] Reported in 113 Pac. 260.

A plan was proposed by the city and accepted by the company. Under Ordinance No. 15,919, the cars of the company were routed by way of Westlake avenue. To meet the desires of the parties, it became necessary to enact another ordinance, which was done by way of an amendatory Ordinance No. 25,038. This ordinance routes the cars by way of Stewart street, making a loop at the north terminus of the company's lines. This was accomplished by striking out the words "Westlake avenue" in section 2 of the Ordinance, and inserting the words "Stewart street." To make the ordinance consistent it was also necessary to change the words "Westlake avenue," as they occurred in section 4 of the Ordinance, to "Stewart street." No other changes were made or contemplated by the parties. The sections as amended were set out and published in full. Section 4 of the original ordinance included several definitions of the relative rights of the parties, and was complete within itself. It is now contended that, although the procedure adopted in making the amendment was proper, yet nevertheless, because of the peculiar provision contained in the charter of the city of Seattle with reference to amending ordinances, it is a virtual reenactment, so that instead of being a continuation of the old, it is a new ordinance; and that the controversy having arisen under section 4 of the old ordinance, and it having gone out of existence, the action pending in this court must fail for the want of a subject-matter. The provision of the city charter, art. 4, § 12, is as follows:

"No ordinance shall be revised or re-enacted or amended by reference to its title. But the ordinances to be revised or re-enacted or the section thereof amended shall be re-enacted at length as revised or amended."

Art. 2, § 37, of the state constitution is as follows:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

The general rule governing amendments made under such provisions is as follows:

"The constitutions of some states contain, after the section requiring a statute or section amended to be repealed in its amended form, a further provision that the statute amended 'shall be repealed.' The latter clause has been held sometimes as in itself effecting the repeal of the sections amended without an express clause of repeal, but other courts hold that an express clause of repeal in amendatory statutes is necessary. Without such constitutional provision an amending statute setting out the whole act as amended is, according to the better view, a repeal only as to the portions of the original act left out in the amendment, but as to the portion unchanged in form or substance is considered as a continuation of the original act; but in other states such an amending act is considered as entirely repealing the whole statute reproduced and amended, so that the original statute as to the portion reproduced and amended 'ceases to exist.' But these rules are only rules of construction, and the last has been held to yield to the intent of the legislature, where circumstances showed that it was intended not to repeal but to re-enact and continue the old law." 26 Am. & Eng. Ency. Law (2d ed.), 713.

We find nothing in the clause quoted from the charter of the city that in our judgment modifies this rule. It is true that the words "revised, re-enacted or amended" are used, but whether the act of the city in passing Ordinance 25,038 be called a reenactment or an amendment, it can make no difference. The object sought to be accomplished is the same in either event, and the result would be the same whatever the form of the provision of the charter. The changes made are wholly irrelevant to the issue presented in the main case, and the subject-matter is in no way destroyed or even modified by the amendatory ordinance.

The motions are technical and without merit, and are denied.

DUNBAR, C. J., RUDKIN, MORRIS, and CROW, JJ., concur.