[No. 26172. Department Two. November 12, 1936.]

THE STATE OF WASHINGTON, *on the Relation of Harry H. Johnston, Appellant,* v. TOMMY BURNS, INC., *et al., Respondents.*[1]

*Harry H. Johnston,* for relator.

*Bertil E. Johnson* and *Samuel L. Crippen,* for respondents.

HOLCOMB, J.—This action was brought by appellant against respondents to restrain them from operating a certain drawing advertised to occur on Saturday evening, March 21, 1936, on the ground that the draw-

[1]Reported in 62 P. (2d) 47.

ing constituted a lottery in violation of Rem. Rev. Stat., § 2465 [P. C. § 8966].

The petition further showed that respondents had, on March 14, 1936, conducted a lottery at their place of business, and that an information had been filed against them for the violation of the statute above cited; but that they intended to and would, unless restrained, conduct a lottery on March 21, 1936.

A temporary restraining order was issued by one of the judges of the lower court and on the return day thereof was heard by another judge of the same court, and the only record before us is the trial record of a journal entry made by the clerk stating, "Court found for defendants." There is no formal, final order or judgment made by the court in the record.

■■ The appeal must be dismissed for that reason, and for the further reason that there is no longer any controversy of which this court can take notice. March 21, 1936, has long since passed. If the drawing took place, the only recourse of relator as prosecuting attorney is to prosecute for violation of the anti-lottery law, which, in his petition, he states he has done.

Although respondents also urge us to decide this question upon the merits, we decline to do so. The question is purely academic, and this court is not required to pass upon such questions. Courts will not knowingly determine moot questions, however much both parties desire such determination. *Holly-Mason Hardware Co. v. Schnatterly*, 111 Wash. 29, 189 Pac. 545; *State ex rel. Burnham v. Superior Court*, 180 Wash. 519, 41 P. (2d) 155. See, also, *Bellingham American Pub. Co. v. Bellingham Pub. Co.*, 145 Wash. 25, 258 Pac. 836.

The appeal is accordingly dismissed.

MILLARD, C. J., TOLMAN, MITCHELL, and BEALS, JJ., concur.