374

FRIENDLY FINANCE CORPORATION, *Respondent*, v. NICK KOSTER *et al.*, *Appellants.*[1]

*Jacob Kalina* and *Michael S. Curtis*, for appellants.

*Sweet, Wolf & Merrick* and *Martin L. Wolf*, for respondent.

PER CURIAM.—The assignee of the seller's interest in a contract for the conditional sale of a used automobile brought this action in replevin to recover possession of the car. The defendant, in so far as we are here concerned, is Nick Koster, who had possession of the automobile as assignee of the purchaser's interest.

The trial court found that the purchaser under the conditional sales contract had sold the vehicle to Koster, representing that he held free and clear title, but that alterations on the title certificate made to accomplish such sale were apparent. The trial court further found that Koster became suspicious as to the legal validity of the title to the car, made certain inquiries, was advised of plaintiff's interest, and had notice of the defect in his title prior to the commencement of this suit. It was also found that there was a balance due and owing plaintiff under the contract in the sum of $1,639.92, payment of which sum was in default.

Based on these and other findings, the trial court con-

[1]Reported in 274 P. (2d) 586.

cluded that plaintiff is the legal owner of the car. Judgment was accordingly entered awarding possession of the automobile to plaintiff. Defendant appeals.

Appellant does not question the findings of fact, and thereby concedes that respondent is the owner of the automobile. Appellant contends, however, that respondent was not entitled to prevail in this replevin action, because he made no demand for possession prior to bringing suit.

Since appellant concedes that, had proper demand been made, respondent would be entitled to possession of the automobile this case is, for all practical purposes, moot. Were we to reverse because no demand was made, respondent could immediately make demand for possession of the car, and, if this was refused, could institute another replevin action, against which appellant admits he has no defense. An appeal will be dismissed where it appears that only a moot question is involved. *State ex rel. Johnston v. Tommy Burns, Inc.*, 188 Wash. 263, 62 P. (2d) 47; *State ex rel Jones v. Byers*, 24 Wn. (2d) 730, 167 P. (2d) 464.

Appellant's proper course, upon being served with the summons and complaint in this action, without prior demand, was to tender the automobile, but resist the assessment of court costs. We have no reason to believe that respondent would have insisted upon costs had this been done, or that the trial court would have awarded costs against appellant.

The only advantage appellant can possibly gain if we decide in his favor on the merits is to recover costs, most, if not all, of which would have been avoided had appellant, at the outset of the action, relinquished the automobile to respondent, which is acknowledged to be the rightful owner. This court will not entertain an appeal for the sole purpose of determining the question of costs. *Harper v. Grasser*, 86 Wash. 475, 150 Pac. 1175. This case does not come within the exception to the above rule which was enunciated in *Bowen v. Department of Social Security*, 14 Wn. (2d) 148, 127 P. (2d) 682.

The appeal is dismissed.