[No. 36795.   En Banc.   January 30, 1964.]

ISAAC D. COOPER *et al., Respondents,* v. THE DEPARTMENT
OF INSTITUTIONS *et al., Appellants.*\*

*The Attorney General* and *Stephen C. Way, Assistant,*
for appellants.

*A. J. Hutton* and *Hutton, Smith & Angell,* by *A. J. Hutton,
Jr.,* for respondents.

PER CURIAM.—Plaintiffs, as residents of the Washington
Veterans' Home at Retsil, brought this action for a declar-
atory judgment against the Department of Institutions and
the Superintendent of the home, seeking to have a part of
Laws of 1961, Ex. Ses., chapter 26, p. 2685, declared un-
constitutional and void. From a judgment granting the re-
lief sought, the Director and Superintendent appeal.

Plaintiffs had been admitted to and continued in residence
at the home pursuant to RCW 72.36.040, which states that
no person may be admitted as a resident of the home unless
he is indigent and unable to support himself and his family.
It authorizes the Director of Institutions to adopt rules and
regulations governing admissions. Pursuant to this power,

\*Reported in 388 P. (2d) 925.

a regulation had been adopted providing that no one could be admitted whose income exceeded $140 per month.

The 37th Legislature, in adopting a general budget for the biennium and making appropriations for the support of state government, not only appropriated $2,000,000 for the operation of the home, but, in the same measure, adopted a proviso fixing $900 per year ($75 per month) as the maximum permissible income for one seeking admission to the home. The proviso reads:

*"Provided,* That no part of this appropriation shall be used for the care and maintenance of members in the home having a yearly pension income of over $900 or with assets of over $900 unless all income and assets in excess of these amounts are paid into the general fund: *Provided further,* That the director of the Department of Institutions may waive the foregoing proviso, for all, or such portion of income over $900, as may be necessary to provide such medical care as is not furnished by the Department for such member." Laws of 1961, Ex. Ses., chapter 26, p. 2685, 2693.

The trial court concluded that the proviso purported to amend RCW 72.36.080 (Laws of 1959, chapter 28, p. 226) by changing the eligibility requirements for admission to the home. Accordingly, it held the proviso to be unconstitutional and void under Article 2, § 37, of the constitution of Washington, which declares:

"No act shall ever be revised or amended by mere reference to its title, but the act revised or the section amended shall be set forth at full length."

The court likewise declared unconstitutional and void a regulation adopted which prescribed $75 per month as the maximum income for respondents.

The appropriation act containing the proviso expired by its express terms on June 30, 1963. Unless the provision has been carried forward by subsequent re-enactment, the proviso too has expired, and the question becomes moot. Re-enactment of the identical proviso was attempted in the 1963 budget and appropriation act, Laws of 1963, Ex. Ses., chapter 21, p. 1677, 1686 (pamphlet edi-

724

tion), but was vetoed by the Governor. Thus, the proviso has been nonexistent since June 30, 1963, and the questions raised by this appeal are now moot.

We have said many times that we will not consider on appeal questions which have become moot. *Hansen v. West Coast Wholesale Drug Co.,* 47 Wn. (2d) 825, 289 P. (2d) 718; *State v. International Typographical Union,* 57 Wn. (2d) 151, 356 P. (2d) 6; *State ex rel. Jones v. Byers,* 24 Wn. (2d) 730, 167 P. (2d) 464.

Nor will we render advisory opinions. In addition to the many good reasons arrayed against them, we point to the current heavy volume of appellate business which makes advisory opinions inadvisable. The appeal is, therefore, dismissed.

It is so ordered.