[No. 39399.    En Banc.    June 27, 1968.]

GRAYS HARBOR PAPER COMPANY *et al., Respondents,* v. GRAYS HARBOR COUNTY *et al., Appellants.**

*L. Edward Brown,* for appellants.

*Holman, Marion, Perkins, Coie & Stone* and *Graham H. Fernald (Lucien F. Marion* and *Andrew M. Williams,* of counsel), for respondents.

PER CURIAM.—Appellants are taxing districts (in Grays Harbor County) and their respective boards and commissioners whose budgets for 1967 were affected by a permanent injunction obtained by respondent taxpayers which restrained the county assessor from extending onto the tax rolls of Grays Harbor County so much of any taxing district's tax levy as exceeded the maximum levy permitted by law, including *Laws of 1965, Ex. Ses., ch. 174* (hereinafter called chapter 174).

Chapter 174 imposed a "freeze" on the total dollar amount a taxing district could levy in a given year without a vote of the people at a general election. The following statement

*Reported in 442 P.2d 967.

by the Governor in his message to the legislature (vetoing only section 8 thereof) will, for the purposes of this opinion, adequately explain the purpose of the statute.

"This bill is intended to protect property owners of the state from increases in taxes which might result from increases in assessed valuations of real and personal property. It has been common knowledge for a number of years that the level of assessment of property has not been maintained at fifty percent of true and fair value as required by Article 7, section 2 of the state Constitution. The assessment level has varied from county to county, ranging from approximately fourteen percent in some counties to approximately twenty-five percent in others. The statewide average is approximately twenty percent of the true and fair value of property.

"The legislature was fearful that in the event the level of assessment were increased, either by voluntary action of the county assessors or as the result of a court decree requiring compliance with the state Constitution, the various taxing districts in each county might continue to levy taxes in the full amount authorized by statute. This would produce revenues greatly in excess of those which taxing districts otherwise would receive, and would impose tremendous burdens upon taxpayers. Therefore, in addition to existing statutory millage limitations now imposed upon taxing districts, this bill adds the requirement that revenues not be increased as a result of increases in the assessment level. The bill limits the total dollar revenues of each taxing district to the same amount received in the previous year, plus new revenues attributable to normal growth, but excluding any revenues which might result from applying authorized millages to increases in assessed valuation of property.

"Under section 5 of the bill, a taxing district may receive additional monies if authorized by majority vote of the people, but then only to the extent permitted by the maximum millage allocated by statute to the taxing district.

"I believe that this type of protection for the property owner is highly desirable. However, section 8 of this bill provides that the act will expire December 31, 1967. Thus, it would be necessary to re-enact this legislation at the 1967 legislative session in order to continue this protection to property owners. Since I believe that the

taxpayers of this state deserve the continuing protection of this law, I have vetoed section 8. The remainder of Substitute House Bill No. 709 is approved."

DANIEL J. EVANS,
Governor.

Laws of 1965, pp. 2775-6

See also AGO 65-66, No. 97 construing chapter 174.

The facts are not in dispute. Appellants concede that the taxing districts did, without a vote of the people, levy "maximum amounts just as though Chapter 174 had not been enacted—and certified same to the County Assessor . . ." and that they "levied their dollar-amount taxes by applying their maximum millages to the increased assessed values . . . [which] resulted in dollar-amount levies in excess of the limitations of Chapter 174."

Appellants' assignments of error challenge the construction given the statute and challenge its constitutionality; the emphasis being on the latter contention.

In their brief, respondents moved to dismiss the appeal as moot. They there contended that the assessor complied with the terms of the injunction; that the assessor has not appealed; that the original levies were corrected and the actual levies eventually assessed did not exceed the limits of chapter 174; that questions of statutory interpretation by the assessor should be directed to the assessor and are not involved in this action for an injunction; that there is no statutory mechanism by which to increase this 1966 levy; that the levy was actually collected in 1967; that even if chapter 174 is held to be unconstitutional it would have no effect on the parties; that chapter 174 was substantially amended or rewritten in *Laws of 1967, Ex. Ses., ch. 146;* that the appeal presents only an abstract question of law and because of the 1967 amendments there is not a question which could be characterized as one of continuing public interest; and that this court should adhere to its consistent policy of declining to decide moot questions. During the course of oral argument, however, counsel for respondents abandoned these contentions and urged this court to reach a decision on the merits.

■ That both appellants and respondents now urge this court to reach a decision on the merits is not determinative. *Rosling v. Seattle Bldg. & Constr. Trades Council*, 62 Wn.2d 905, 385 P.2d 29 (1963); *State ex rel. Johnston v. Tommy Burns, Inc.*, 188 Wash. 263, 62 P.2d 47 (1936). Ordinarily if the question is purely academic, this court is not required to pass upon it and will not do so however much both parties desire such a determination. See *Rosling v. Seattle Bldg. & Constr. Trades Council*, supra at 907 and cases cited therein. *See generally Wilson v. Butcher*, 69 Wn.2d 48, 416 P.2d 359 (1966); *Friendly Finance Corp. v. Koster*, 45 Wn.2d 374, 274 P.2d 586 (1954); *State ex rel. Jones v. Byers*, 24 Wn.2d 730, 167 P.2d 464 (1946); *In re Ellern*, 23 Wn.2d 219, 225, 160 P.2d 639 (1945) (Simpson, J., dissenting). The exception to the above stated proposition is that in a rare case, the Supreme Court will in its discretion, retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interest are involved. *See Deaconess Hosp. v. State Highway Comm'n*, 66 Wn.2d 378, 403 P.2d 54 (1965); *National Elec. Contractors Ass'n v. Seattle School Dist. No. 1*, 66 Wn.2d 14, 400 P.2d 778 (1965); *State ex rel. Yakima Amusement Co. v. Yakima Cy.*, 192 Wash. 179, 73 P.2d 759 (1937). Whenever we have proceeded to review an otherwise moot question we have been careful to point out that the real merits of the controversy are unsettled, *State ex rel. Yakima Amusement Co. v. Yakima Cy., supra*, at 183, or that the questions of law and fact survive, *Deaconess Hosp. v. State Highway Comm'n, supra*, at 401, or that a continuing question of great public importance exists, *National Elec. Contractors Ass'n v. Seattle School Dist. No. 1, supra*, at 20.

■ In the instant case the determinative factor is that substantial changes in the statutory provisions here in question have been made. The rationale for declining to decide purely academic questions is particularly persuasive where the case involves constitutional questions with respect to a statute which has been rewritten or superseded

by another statute, unless, of course, the statutory changes are irrelevant to the issues presented. *Compare Cooper v. Department of Institutions,* 63 Wn.2d 722, 388 P.2d 925 (1964), and *Hansen v. West Coast Wholesale Drug Co.,* 47 Wn.2d 825, 289 P.2d 718 (1955) with *State ex rel. Linhoff v. Seattle, Renton & Southern Ry.,* 62 Wash. 124, 113 Pac. 260 (1911).

We are persuaded by the arguments advanced by respondents in support of their initial position on the motion to dismiss. We note also that appellants, in their brief[1] concede the point that *Laws of 1967, Ex. Ses., ch. 146,* was an attempt by the legislature to correct the alleged deficiencies relied upon by appellants in support of their position that chapter 174 was unconstitutional.

In addition, although this factor is by no means determinative, the parties altogether failed to apprise this court either

---

[1]After 14 pages of argument that certain specific constitutional deficiencies plagued the statute in question, appellants conclude as follows: "Compare Chapter 174, Laws of 1965, Ex. Ses. with Chapter 146, Laws of 1967, Ex. Ses. (It would appear that someone besides the parties read appellants' trial brief!) Note that *this latest statute tries to correct most of the defects pointed out by appellants,* but we are not now faced with the difficulties which may be inherent in this latest act." (Italics ours.)

In respondents' brief it is stated in support of their motion to dismiss this appeal as moot: "If this Court decides the appeal, it will be rendering an advisory opinion on the constitutionality of an extinct statute. This Court has consistently refused to decide moot questions and to give advisory opinions. The wisdom of this policy is especially clear where the case involves constitutional questions with respect to a statute no longer in effect. *Cooper v. Department [of Institutions],* 63 Wn.2d 722, 388 P.2d 925 (1964). See *Hansen v. West Coast Wholesale Drug Co.,* 47 Wn.2d 825, 289 P.2d 718 (1955). Chapter 174, the statute at issue here, was rewritten by Laws of 1967, Ex. Sess., Ch. 146. Because Chapter 174 has been amended out of existence, this case does not present a question of continuing public interest justifying this Court's retention of jurisdiction.

"The instant case is now moot, and the issues it once presented have been eliminated by the legislature. No question remains as between the parties, nor is there a public question still outstanding. The appeal should be dismissed."

Thus, all parties to this action agree that the legislature in the 1967 act substantially amended chapter 174 so that problems relating to its validity and construction no longer exist.

in the briefs or at the oral argument to what extent, if any, our opinion in *State ex rel. Barlow v. Kinnear,* 70 Wn.2d 482, 423 P.2d 937 (1967) (relating to the mandatory provisions of Const. art. 7, § 2 (amendment 17)) bears on the case at bar.

The appeal is hereby dismissed.