IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31099-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SOPHIA MARIE GONZALEZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J.—Sophia Marie Gonzalez appeals her exceptional sentence for third degree child assault and second degree criminal mistreatment. After she initiated this appeal, the Department of Corrections (DOC) released her from confinement and unconditionally terminated her supervision. She contends, and the State concedes, the sentencing court erred by failing to enter factual findings and legal conclusions supporting her exceptional sentence. Additionally, she contends the sentencing court erred by including an alternative variable community custody term in her judgment and sentence. But because she served her sentence, we conclude both challenges are moot. Next, we reject her challenge to her discretionary legal financial obligations (LFOs) because she waived it by failing to object at the sentencing hearing and the record shows her ability to pay them in any event. Finally, we reject her concerns

regarding inconsistent sentencing conditions because, in addition to her concern being moot, no inconsistency exists. Accordingly, we affirm.

## FACTS

On August 2, 2012, a jury found Ms. Gonzalez guilty of third degree child assault and second degree criminal mistreatment for burning her nearly three-year-old stepson, J.S., in hot bathwater and withholding professional medical attention for several days. The jury found two aggravating circumstances for each crime.

On August 31, 2012, the sentencing court ordered Ms. Gonzalez to confinement totaling 30 months—double the standard range for each crime. The court failed to enter factual findings or legal conclusions explaining the reasons for her exceptional sentence; the State concedes this error. The court ordered her to supervision totaling the longer of 12 months or any period of earned early release. Without objection, the court ordered her to pay $600 in mandatory LFOs and $3,500 in discretionary LFOs. Her presentence report indicates she has an associate's degree, a steady employment history, and a current seasonal job, earning $3,000 monthly in her working season and $1,200 monthly in her nonworking season. The court noted it "considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change." Clerk's Papers (CP) at 371. The court did not expressly find she had the ability to pay discretionary LFOs and did not ask her about her ability to pay them.

2

In the judgment and sentence, the sentencing court ordered Ms. Gonzalez to "complete a parenting class" and "not have contact with the victim [J.S.]." CP at 372, 379. Additionally, the court entered a domestic violence no contact order. But at the sentencing hearing, the court said in conflict with those documents, "There was a parenting class. I'll require you have to participate in classes with [J.S.]." Report of Proceedings (Aug. 31, 2012) at 701. She appealed on September 4, 2012.

On September 16, 2013, the DOC released Ms. Gonzalez from confinement and unconditionally terminated her supervision, having previously determined she was "not eligible for supervision." CP at 400.

ANALYSIS

A. Moot Contentions

The issue is whether Ms. Gonzalez's challenges to her sentences of confinement and supervision are moot. The State contends we cannot provide her with effective relief because the DOC already released her from confinement and unconditionally terminated her supervision. We agree with the State.

We will not review a moot case unless it involves "matters of continuing and substantial public interest."[1] *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972); *Grays Harbor Paper Co. v. Grays Harbor County*, 74 Wn.2d 70, 73, 442 P.2d 967 (1968). A case is moot if we "can no longer provide effective relief."

---

[1] Ms. Gonzalez does not argue and we conclude her challenges do not involve matters of continuing and substantial public interest.

*Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984); *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). But a criminal case is not moot if we can provide a defendant with effective relief from the "adverse collateral legal consequences" of his or her conviction or sentence. *Sibron v. New York*, 392 U.S. 40, 53-55, 57, 88 S. Ct. 1889, 20 L. Ed. 2d 917 (1968); *see State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983); *Monohan v. Burdman*, 84 Wn.2d 922, 925, 530 P.2d 334 (1975).

While it is arguable Ms. Gonzalez's sentences of confinement and supervision might potentially produce collateral consequences, *see Pollard v. United States*, 352 U.S. 354, 358, 77 S. Ct. 481, 1 L. Ed. 2d 393 (1957), our Supreme Court concluded under similar facts that a defendant's challenges to his sentences were moot where his confinement and supervision already ended, *see State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004); *see also In re Pers. Restraint of Mattson*, 166 Wn.2d 730, 736-37, 214 P.3d 141 (2009); *State v. Hunley*, 175 Wn.2d 901, 906-08, 287 P.3d 584 (2012). We must follow our Supreme Court's directly controlling decisions. *State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984) (citing *Godefroy v. Reilly*, 146 Wash. 257, 259, 262 P. 639 (1928)). Regardless, the mere potential for collateral consequences is too speculative to warrant our review where, as here, a defendant challenges his or her sentence without challenging his or her conviction. *See Spencer v. Kemna*, 523 U.S. 1, 14-16, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); *United States v. Juvenile Male*, ___ U.S. ___, 131 S. Ct. 2860, 2864, 180 L. Ed. 2d 811 (2011).

Remanding for the sentencing court to enter factual findings and legal conclusions supporting Ms. Gonzales's exceptional sentence would be a useless exercise because the DOC released her from confinement. Similarly, remanding for the sentencing court to strike the alternative variable community custody term from her judgment and sentence would be meaningless because the DOC unconditionally terminated her supervision. She served her sentences. Thus, the sentencing court would essentially have no sentences of confinement or supervision left to fix. Ms. Gonzalez cites no legal authority suggesting the DOC could now reinstate her supervision or seek sanctions if she violated a sentencing condition. In sum, we conclude we cannot provide Ms. Gonzalez with effective relief. Accordingly, her challenges to her sentences of confinement and supervision are moot.

## B. Waived Contention

The issue is whether Ms. Gonzalez waived her challenge to her discretionary LFOs. The State argues she did not preserve her error claims for our review because she did not object at the sentencing hearing. We agree with the State.

Until our Supreme Court decides otherwise, the rule established by each division of this court is that a defendant may not challenge a determination regarding his or her ability to pay LFOs for the first time on appeal. *State v. Duncan*, No. 29916-3-III, slip op. at 7-12 (Wash. Ct. App. Mar. 25, 2014) (citing RAP 2.5(a) and *State v. Kuster*, 175 Wn. App. 420, 424-25, 306 P.3d 1022 (2013)); *State v. Calvin*, ___ Wn. App. ___, 316 P.3d 496, 507-08, *petition for review filed*, No. 89518-0 (Wash. Nov. 12, 2013); *State v.*

*Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010, 311 P.3d 27 (2013).

Moreover, we reject Ms. Gonzalez's challenge to her discretionary LFOs. While a sentencing court need not make formal, specific findings on a defendant's ability to pay discretionary LFOs, the record must show the court accounted for the nature of the burden discretionary LFOs would impose given the defendant's financial resources. *State v. Bertrand*, 165 Wn. App. 393, 404, 267 P.3d 511 (2011) (citing *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116, 837 P.2d 646 (1991)), *review denied*, 175 Wn.2d 1014 (2012); *see State v. Curry*, 118 Wn.2d 911, 916, 829 P.2d 166 (1992). We review a determination on a defendant's ability to pay discretionary LFOs "under the clearly erroneous standard." *Bertrand*, 165 Wn. App. at 404 n.13 (quoting *Baldwin*, 63 Wn. App. at 312). A finding is clearly erroneous if "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ancheta v. Daly*, 77 Wn.2d 255, 259-60, 461 P.2d 531 (1969) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746 (1948)).

Ms. Gonzalez argues the sentencing court erred by making an unsupported implied finding on her ability to pay discretionary LFOs, and ordering her to pay them without accounting for the nature of the burden they would impose given her financial resources. But the record would support any such finding because her presentence report states she has an associate's degree, a steady employment history, and a current seasonal job, earning $3,000 monthly in her working season and $1,200

6

monthly in her nonworking season. *See Baldwin*, 63 Wn. App. at 311-12 (affirming a finding that a defendant had the present or likely future ability to pay discretionary LFOs where the sole evidence to support it was his presentence report, stating he "describe[d] himself as employable"). And, "when the presentence report establishes a factual basis for the defendant's . . . ability to pay and the defendant does not object, the requirement of inquiry into the ability to pay is satisfied." *Id.* at 311. The evidence does not leave us with a definite and firm conviction that the sentencing court made a mistake. In sum, the sentencing court did not err in imposing discretionary LFOs.

### C. Clarification Request

Ms. Gonzalez contends we must remand for clarification because the sentencing court issued conflicting orders both requiring her to complete a parenting class and prohibiting her from contacting J.S. We disagree.

First, as discussed in the first part of our analysis, we conclude Ms. Gonzalez's challenge to her sentencing conditions is moot.

Second, the no contact order and the judgment and sentence control over the orally rendered order for Ms. Gonzalez to attend parenting classes with J.S. Because the sentencing court did not incorporate the orally rendered order into the no contact order or the judgment and sentence, the final, formal, written decisions supersede the earlier, informal, oral decision. *See State v. Mallory*, 69 Wn.2d 532, 533-34, 419 P.2d 324 (1966); *State v. Dailey*, 93 Wn.2d 454, 458-59, 610 P.2d 357 (1980); *State v. Kilburn*, 151 Wn.2d 36, 39 n.1, 84 P.3d 1215 (2004).

7

No. 31099-0-III
*State v. Gonzalez*

Both the no contact order and the judgment and sentence unequivocally prohibit Ms. Gonzalez from contacting J.S., without exception for a parenting class. The obvious result is that she would have had to complete a parenting class without him present. Therefore, the order requiring Ms. Gonzalez to complete a parenting class would not conflict with the orders prohibiting her from contacting J.S.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Brown, J.

WE CONCUR:

_____          _____
Siddoway, C.J.                                         Lawrence-Berrey, J.

8