FILED
AUGUST 12, 2014
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31641-6-III |
| | ) | Consolidated with |
| Respondent, | ) | No. 32136-3-III |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS R. LEVITON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| _____ | ) | |
| In re Personal Restraint of: | ) | |
| | ) | |
| THOMAS R. LEVITON, | ) | |
| | ) | |
| | ) | |
| Petitioner. | ) | |

BROWN, J. — Thomas Ralph Leviton pleaded guilty to second degree trafficking in stolen property and the sentencing court sentenced him based on an offender score of 5. In appeal briefs filed by his appellate counsel, Mr. Leviton requests resentencing, contending his trial counsel gave ineffective assistance by failing to investigate the comparability of his prior Montana convictions before he pleaded guilty. In a pro se statement of additional grounds for review (SAG), Mr. Leviton seeks withdrawal of his guilty plea or resentencing, contending his trial counsel gave ineffective assistance by misinforming him of the evidence against him and failing to challenge various problems

with his offender score. In a pro se personal restraint petition (PRP), Mr. Leviton

reiterates matters addressed by his appellate counsel's brief and his SAG, while raising

additional concerns about his offender score. We disagree with all of Mr. Leviton's

contentions, and reason we can give no relief because he has completed serving his

sentence. Accordingly, we affirm and dismiss Mr. Leviton's PRP.

## FACTS

On May 30, 2012, Mr. Leviton pleaded guilty to second degree trafficking in

stolen property. He signed an understanding of his criminal history, including eight

Montana convictions: two forgery convictions from 2005 and 1995, two burglary

convictions from 1993 and 1991, three convictions from 2005 and 1998 for criminal

possession of dangerous drugs, and one conviction from 1989 for fraudulently obtaining

dangerous drugs. He agreed "any out-of-state . . . conviction [listed above] is the

equivalent of a Washington felony offense." Clerk's Papers (CP) at 49. Based on this

document and his discussions with his attorney, Mr. Leviton told the court he agreed he

had an offender score of 5. Mr. Leviton had no questions for the court regarding his

offender score.

Under a plea agreement, the State recommended a residential treatment-based

DOSA.[1] The court ordered presentence chemical dependency evaluations that

determined Mr. Leviton met DOSA eligibility criteria. Mr. Leviton retained a new

attorney in August 2012. The court continued the sentencing hearing. Mr. Leviton

---

[1] The drug offender sentencing alternative is an either prison-based or residential treatment-based alternative sentence available for drug offenders in some cases. *See* RCW 9.94A.660, .662, .664.

moved to withdraw his guilty plea in September 2012, arguing it was not knowing, intelligent, or voluntary, and his prior attorney rendered ineffective assistance "because his [prior] attorney did not properly investigate his criminal history." CP at 43. The court denied the motion, reasoning that while Mr. Leviton questioned certain irrelevant discrepancies between listed crime dates and conviction dates, he did not challenge the existence of his Montana convictions, and had presented no evidence that his prior attorney misinformed him on comparability, offender score, sentencing range, or any direct consequence of his guilty plea.

At the sentencing hearing on November 20, 2012, the State presented certified copies of Mr. Leviton's Montana convictions and argued he had an offender score of 5. Mr. Leviton challenged this number, partly disputing whether his Montana convictions were "felony convictions for Washington sentencing purposes." I Report of Proceedings (RP) at 26. The court concluded he had an offender score of 5 and sentenced him to a residential treatment-based DOSA.

When Mr. Leviton violated his sentence conditions, the State petitioned to revoke his residential treatment-based DOSA. At the revocation hearing on April 12, 2013, the court allowed him to raise or revisit an offender score issue, the comparability of his Montana convictions to Washington analogues. Mr. Leviton argued "the Montana statutes are broader than the Washington statutes." RP (Apr. 12, 2013) at 17. The court granted the DOSA revocation and continued the sentencing hearing, giving the State additional time to respond to Mr. Leviton's comparability argument.

3

At the sentencing hearing on April 18, 2012, the State argued Mr. Leviton waived his comparability argument. The court declined to reanalyze comparability, instead adhering to the offender score contained in Mr. Leviton's judgment and sentence. Based on an offender score of 5, the court ordered Mr. Leviton to serve 17 months of confinement with 118 days of credit for time served. He sought review from this court.

## ANALYSIS

The issue is whether Mr. Leviton's trial counsel gave ineffective assistance. As reasoned below, Mr. Leviton is not entitled to the relief he seeks.

In his PRP, Mr. Leviton makes declarations that he expects to be released on May 7, 2014, if not sooner. This evidence comports with other documents in our record. On April 18, 2013, the court ordered Mr. Leviton to serve 17 months of confinement with 118 days of credit for time served. Even if he received no credit for good time, he would have been released on May 23, 2014.[2] Mr. Leviton recognized this as a procedural hurdle, stating: "Please be aware of the time constraints as I will not benefit from relief granted. Sentence expires 4/14. . . . The sentence will expire April or May 2014 and I will receive benefit from relief no other way." PRP at 2-3. He reiterated: "Time is of the essence as petitioner will enjoy no relief, if granted, if the case review lingers for too long. Petitioners sentence on which relief is sought will expire May 7, 2014."

---

[2] April 18, 2013 plus 17 months equals an end date of September 18, 2014. TIMEANDDATE.COM, http://www.timeanddate.com/date/dateadded.html?m1=4&d1=18&y1=2013&type=add&ay=&am=17&aw=&ad= (last visited July 29, 2014). September 18, 2014 minus 118 days equals an end date of May 23, 2014. TIMEANDDATE.COM, http://www.timeanddate.com/date/dateadded.html?m1=09&d1=18&y1=2014&type=sub&ay=&am=&aw=&ad=118 (last visited July 29, 2014).

4

PRP Statement of Facts & Additional Grounds at 2.

Thus, to the extent Mr. Leviton's appeal briefs, SAG, and PRP seek resentencing, this court "can no longer provide effective relief." *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984); *In re Det. of Cross*, 99 Wn.2d 373, 376-77, 662 P.2d 828 (1983). This court should decline to review the moot issues underlying those requests for relief because they do not involve "matters of continuing and substantial public interest." *Sorenson v. City of Bellingham*, 80 Wn.2d 547, 558, 496 P.2d 512 (1972); *Grays Harbor Paper Co. v. Grays Harbor County*, 74 Wn.2d 70, 73, 442 P.2d 967 (1968). Because Mr. Leviton's appeal briefs seek no relief other than resentencing, this court should dismiss them entirely.

To the extent Mr. Leviton's PRP seeks withdrawal of his guilty plea, this court cannot provide him such relief because he no longer meets the requirements to petition for it. This court may grant relief solely "if the petitioner is under a 'restraint.'" RAP 16.4(a). "A petitioner is under a 'restraint' if the petitioner has limited freedom because of a court decision in a civil or criminal proceeding, the petitioner is confined, the petitioner is subject to imminent confinement, or the petitioner is under some other disability resulting from a judgment or sentence in a criminal case." RAP 16.4(b). Because Mr. Leviton's PRP fails to show these restraints apply to him, this court should dismiss it entirely.

Finally, to the extent Mr. Leviton's SAG seeks withdrawal of his guilty plea, he fails to meet his burden of proof. This court reviews an ineffective assistance of counsel claim de novo. *In re Pers. Restraint of Fleming*, 142 Wn.2d 853, 865, 16 P.3d 610

(2001). The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 & n.14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970); *Yarborough v. Gentry*, 540 U.S. 1, 5, 124 S. Ct. 1, 157 L. Ed. 2d 1 (2003). To prove counsel gave ineffective assistance, the defendant must show "counsel's performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failure to show either element defeats the claim. *Id.* at 697.

Deficient performance occurs if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. This standard requires "reasonableness under prevailing professional norms" and "in light of all the circumstances." *Id.* at 688, 690. The defendant must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To do so, the defendant must show counsel's performance cannot be explained as a legitimate strategic or tactical decision. *Id.*

Prejudice occurs if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability of a different result exists where counsel's deficient performance "undermine[s] confidence in the outcome." *Id.* The defendant "need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Id.* at 693. Instead, the defendant "has . . . the burden of showing that the decision reached would reasonably likely have been different absent the errors." *Id.* at 696. This standard requires evaluating the totality of the record. *Id.* at 695.

6

No. 31641-6-III, *consol. with* No. 32136-3-III
*State v. Leviton*

Mr. Leviton contends his trial counsel gave ineffective assistance by misinforming him of the evidence against him and failing to challenge various problems with his offender score. Mr. Leviton's concerns depend fully on matters this court may not consider because they are outside our record. *See State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995) (stating an appellate court may not consider matters outside its record when reviewing an ineffective assistance of counsel claim on direct appeal). Regardless, the absence of a meaningful relationship between Mr. Leviton and his trial counsel does not prove counsel performed deficiently or prejudiced the defense. *See Morris v. Slappy*, 461 U.S. 1, 13-14, 103 S. Ct. 1610, 75 L. Ed. 2d 610 (1983); *Strickland*, 466 U.S. at 687. Considering all, this court should conclude Mr. Leviton's trial counsel gave effective assistance.

Affirmed and PRP is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Korsmo, J.

7