# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| FRIENDS OF THE WHITE SALMON RIVER and FRIENDS OF THE COLUMBIA GORGE, | No. 45269-3-II |
| Respondents/Cross-Appellants, | |
| v. | |
| KLICKITAT COUNTY, | UNPUBLISHED OPINION |
| Appellant/Cross-Respondent. | |

WORSWICK, J. — Klickitat County appeals the superior court's order granting partial summary judgment to Friends of the White Salmon River and Friends of the Columbia Gorge (collectively Friends), and denying partial summary judgment to Klickitat, on Friends' claims challenging Klickitat's passage of Zoning Ordinance O060512-1 and Guidance Resolution 08612, which increased the residential capacity of Klickitat's Husum/BZ Corner subarea. Friends cross-appealed the superior court's decision to reserve deciding whether Ordinance O060512-1 and Resolution 08612 were ultra vires and void.

On June 9, 2015, after we heard oral argument on this case, Klickitat County issued Ordinance O060915, repealing the zoning ordinance and guidance resolution at issue in this appeal. We subsequently directed the parties to submit supplemental briefing on whether Ordinance O060915 rendered this appeal, or any of the issues the parties raised, moot. The parties complied. In addition, Friends filed a motion to voluntarily dismiss their cross-appeal, and Klickitat moved to strike a letter from the Confederated Tribes and Bands of the Yakima Nation (Yakima Nation) that Friends attached to their supplemental brief.

No. 45269-3-II

In response to our request for supplemental briefing, Klickitat argues that the State Environmental Policy Act of 1971 (SEPA)[1] issue before us is not moot because the Klickitat County Planning Commission's SEPA decision remains in place and is likely to inform future land use planning by Klickitat within this subarea. Klickitat argues in the alternative that, even if the issue is moot, questions of substantial and continuing public interest remain and judicial review is needed.

Friends submit that Klickitat's adoption of Ordinance O060915 rendered this case moot, but requests that we nonetheless decide the merits of the SEPA issue because the issue is of major public importance and is likely to recur in the future, and the parties would benefit from definitive guidance on this issue.

Because we cannot provide effective relief and because the SEPA issue is not one of continuing and substantial public interest, we hold that Klickitat's adoption of Ordinance O060915 rendered this case moot. Accordingly, we dismiss this appeal.

FACTS

Klickitat County is a rural county that only partially plans under the Growth Management Act.[2] Klickitat is divided into separate planning areas, including the approximately 50,000 acre planning area at issue here. This planning area is dominated by forest land and other undeveloped land.

---

[1] Ch. 43.21C RCW.

[2] Ch. 36.70A RCW.

2

The 20,082 acre Husum/BZ Corner Subarea is located within the planning area. In 2007, Klickitat decided to pass a zoning ordinance to add residential zoning to the area surrounding the BZ corner and Husum rural centers.

In 2010 and 2011, the Planning Commission issued a Mitigated Determination of Non-Significance (MDNS) and an addendum that determined that with mitigation, Ordinance O060512-1 would cause no probable significant adverse environmental impacts. The MDNS considered the impacts of Ordinance O060512-1 on fish and wildlife, as well as water quality and quantity.

Friends appealed the MDNS to the Klickitat County Hearings Board (Board), where the hearing examiner upheld the MDNS, ruling through many findings and conclusions, that the MDNS was "not clearly erroneous." Clerk's Papers (CP) at 1063. Following the hearing examiner's ruling, the Board approved Ordinance O060512-1.

Friends filed a complaint in superior court under the constitutional writ of certiorari and the declaratory judgments act. Friends alleged several theories, including that Ordinance O060512-1 violated the Planning Enabling Act (PEA)[3] by zoning contrary to four provisions of Klickitat's comprehensive plan and the United States Constitution's due process, equal protection, and separation of powers clauses. Friends also alleged that the MDNS was clearly erroneous under SEPA. Friends moved for partial summary judgment on all of these claims. Klickitat moved for partial summary judgment on some of Friends' claims.

---

[3] Ch. 36.70 RCW.

No. 45269-3-II

The superior court considered both summary judgment motions at the same hearing, denied partial summary judgment to Klickitat, and granted partial summary judgment to Friends:

> The court concludes [Klickitat] violated SEPA by failing to prepare an [Environmental Impact Statement] for this extensive rezone. [Klickitat] failed to adequately consider a reasonable range of alternatives, failed to consider adverse impacts, and improperly relied upon the FFR Program, which is incomplete and has never been finalized as mitigation. The court also concludes [Klickitat] unlawfully delegated the right to individual landowners to upzone their land, and the . . . overlay [provision] constitutes unlawful spot zoning.

CP at 1440-41.

Friends requested the superior court rule that Ordinance O060512-1 and Resolution 08612 were ultra vires and void, so as to prohibit Klickitat from enforcing the ordinance and resolution. The superior court reserved ruling on this issue pending this appeal.

Klickitat appealed the superior court's grant of partial summary judgment to Friends and the denial of partial summary judgment to Klickitat. Friends cross-appealed the superior court's refusal to declare Ordinance O060512-1 and Resolution 08612 ultra vires and void. We heard argument on these appeals on March 30, 2015.

Following oral arguments, but before an opinion was issued, Klickitat enacted Ordinance O060915, expressly repealing the zoning ordinance and guidance resolution at issue in this appeal:

**ORDINANCE NO. O060915**

**Section [1].    Findings.**
    1.    Klickitat County has reviewed its planning policies and regulations it adopted in 2012, within the Husum BZ Corner Planning Area. This "three year review" included staff review, a public hearing, and extensive public comment and testimony. As a result of this review, the County finds few citizens wish the 2012 Update to remain in place, and given these sentiments, a repeal is warranted. With a repeal, all pre-existing plan policies and zoning regulations would remain in place.

4

. . . .

**Section 2. Repeal.** Ordinance [O]060512-1, Ordinance 011712, and Resolution 08612, are repealed in their entirety.

Upon our discovery of this ordinance, we directed the parties to submit supplemental briefing as to whether Ordinance O060915 rendered this case moot. The parties complied.

Klickitat responds that while most of the issues it raised are moot, the SEPA issue before us is not moot because the SEPA decision remains in place and is likely to inform future land use planning by Klickitat within this subarea. Klickitat argues in the alternative that even if the SEPA issue is moot, questions of substantial and continuing public interest remain and judicial review is needed.

After our request for supplemental briefing, Friends moved to voluntarily dismiss its cross-appeal.[4] Additionally, Klickitat moved to strike a letter from the Yakima Nation that Friends attached to their supplemental brief.[5] Regarding the remaining issues, Friends responded that Klickitat's adoption of Ordinance O060915 rendered this case moot, but requested that we decide the merits of the SEPA issue because the issue is of major public importance and is likely to recur in the future, and because the parties would benefit from guidance on this issue.

ANALYSIS

I. ORDINANCE O060915 RENDERS THIS CASE MOOT

As a general rule, appellate courts will not pass upon moot questions. "A case is technically moot if the court cannot provide the basic relief originally sought or can no longer

---

[4] We hereby grant this motion.

[5] We hereby grant this motion.

provide effective relief." *Dioxin/Organochlorine Ctr. v. Pollution Control Hr'gs Bd.*, 131 Wn.2d 345, 350, 932 P.2d 158 (1997) (quoting *Snohomish County v. State*, 69 Wn. App. 655, 660, 850 P.2d 546 (1993)) (citations omitted).

A.      *Klickitat's Non-SEPA Appeals*

Klickitat appeals the Superior Court's decision granting partial summary judgment to Friends on three grounds specifically related to the content of Ordinance O060512-1.  Both parties acknowledge that because that ordinance is now repealed, these issues pertaining to the legislation are moot.  We agree.

We have previously considered a similar case.  In *State ex rel. Evans v. Amusement Ass'n of Wash. Inc.*, 7 Wn. App. 305, 306, 499 P.2d 906 (1972), the trial court decided that certain bingo-type machines constituted gambling devices.  While the appeal was pending, the legislature repealed the gambling statutes in question as well as most of the old gambling laws, and enacted a new comprehensive statutory plan designed to curb professional gambling activities.  *Amusement Ass'n of Wash. Inc.*, 7 Wn. App. at 306.  As a result, we held that the appeal was moot and dismissed the appeal stating, "The issues in this appeal became moot when the legislature repealed or substantially amended all of the statutes upon which the declaratory judgment and injunction were based." *Amusement Ass'n of Wash. Inc.*, 7 Wn. App. at 307.

Similarly, by repealing the ordinance and resolution on which this litigation is based, Klickitat's arguments pertaining directly to Ordinance O060512-1 are moot.  We cannot provide the basic relief originally sought and we can no longer provide effective relief.  Consequently, we agree with the parties that Klickitat's non-SEPA claims are moot.

B.      *SEPA Appeal*

Klickitat appeals the Superior Court's decision that the Planning Commission's MDNS was clearly erroneous under SEPA. In its supplemental briefing, Klickitat argues that its SEPA issue is not moot because the SEPA determination has not been withdrawn and is likely to be utilized to inform future planning actions. We disagree.

The principal public policy of SEPA is to provide decision makers and the public with information about potential adverse impacts of a *proposed action*. *Save Our Rural Env't v. Snohomish County*, 99 Wn.2d 363, 371-72, 662 P.2d 816 (1983). A "recurring theme of the SEPA appeal statute is the insistence on 'linkage' between SEPA claims and the government action subject to SEPA." *State v. Grays Harbor County,* 122 Wn.2d 244, 249, 857 P.2d 1039 (1993). SEPA does not create a cause of action unrelated to a specific governmental action. RCW 43.21C.075(1). "Judicial review under SEPA 'shall without exception be of the governmental action together with its accompanying environmental determinations.'" *Int'l Longshore & Warehouse Union, Local 19 v. City of Seattle*, 176 Wn. App. 512, 519, 309 P.3d 654 (2013) (quoting RCW 43.21C.075(6)(c)). Consequently, judicial review of an agency's SEPA compliance is precluded until an agency has taken final action on a proposal. *Int'l Longshore & Warehouse Union, Local 19*, 176 Wn. App. at 519; *Grays Harbor County,* 122 Wn.2d at 251.

Here, because Ordinance O060915 repealed Ordinance. O060512-1 and Resolution 08612, there is no proposed action upon which to base review of SEPA compliance. An examination of Klickitat's environmental review process leading to the MDNS necessarily requires the court to assess, based on the totality of the circumstances, the impact the

implementation of the specific ordinance would have on the environment. Without any such ordinance, there is no potential environmental impact to examine. Indeed, the issuance of Ordinance O060915 canceled any plans by Klickitat to change zoning and maintained the status quo. Any determination of Klickitat's SEPA appeal can no longer provide effective relief and the issue is therefore moot.

## II. MATTERS OF CONTINUING AND SUBSTANTIAL PUBLIC INTEREST

Klickitat and Friends both argue that we should address Klickitat's SEPA appeal by exercising our discretion to apply the continuing and substantial public interest exception to the general rule that appellate courts will not pass upon moot questions. We decline to exercise our discretion in this case.

Appellate courts will generally not decide moot questions. In rare cases, an appellate court will, in its discretion, retain and decide an appeal which has otherwise become moot when it can be said that matters of continuing and substantial public interests are involved. *Grays Harbor Paper Co. v. Grays Harbor County*, 74 Wn.2d 70, 73, 442 P.2d 967 (1968). This exception to the general rule applies only where the real merits of the controversy are unsettled and a continuing question of great public importance exists. *Grays Harbor Paper Co.*, 74 Wn.2d at 73. In light of Ordinance O060915's repeal of the ordinance and resolution at issue, there is no continuing question of public interest and we decline the parties' request to render an advisory opinion on the matter.

The principal public policy of SEPA is to provide decision makers and the public with information about potential adverse impacts of a *proposed action*. *See Save Our Rural Env't*, 99 Wn.2d at 371-72. While the parties request us to render an opinion as to the adequacy of

Klickitat's environmental review process for Ordinance O060512-1, such an opinion would serve no continuing public interest because by necessity our decision would be tied to the specific impact of a repealed ordinance.

The parties contend that the likelihood of future zoning in the area qualifies as a continuing public interest that would benefit from a ruling on this issue. Their argument misunderstands the nature of SEPA requirements. What is required of a lead agency, here Klickitat, depends on the proposal at hand. Any opinion issued as to the review process for the now repealed Ordinance O060512-1 would have no impact on future zoning unless the future proposal was identical to Ordinance O060512-1. This is highly unlikely after Klickitat conducted a three-year review, found that few citizens desired the land use action, and determined that the citizens' sentiments warranted a repeal of the ordinance and resolution at issue here.

That both Klickitat and Friends request that we reach a decision on the merits of the SEPA issue is not determinative. *See Grays Harbor County*, 74 Wn.2d at 73; *Rosling v. Seattle Bldg. and Constr. Trades Council*, 62 Wn.2d 905, 907, 385 P.2d 29 (1963); *State ex rel. Johnston v. Tommy Burns, Inc.*, 188 Wash. 263, 264, 62 P.2d 47 (1936). If the question is purely academic, as it is here, we are not required to pass upon it and we will not do so however much both parties desire such a determination.

No. 45269-3-II

We hold that Ordinance O060915 rendered the issues in this case moot and decline the parties' request to issue an advisory opinion. We dismiss this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Johanson, C.J.

Melnick, J.