IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In the Matter of the Detention of:

A.N.

No. 82646-8-I

DIVISION ONE

UNPUBLISHED OPINION

HAZELRIGG, J. — The State appeals an order dismissing a 14-day petition for commitment of A.N. under the Involuntary Treatment Act (ITA)[1], arguing the trial court erred because RCW 71.05.230 does not require that a petitioning staff member testify at the probable cause hearing. The State is correct. However, our opinion so holding, Det. of C.I.[2], published after A.N.'s hearing, moots the State's appeal because this court cannot provide the relief it seeks. In the absence of any argument from the State as to a continuing and substantial public interest to justify our consideration of the challenge, despite mootness, we dismiss the appeal.

FACTS

On April 13, 2021, A.N. was detained under the ITA after his mother contacted the crisis line and reported her concerns. Snohomish County Crisis Services filed a detention petition requesting custody of A.N. for up to 120 hours

[1] Ch. 71.05 RCW.
[2] In re Detention of C.I., 20 Wn. App. 2d 855, 506 P.3d 716 (2022).

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

for inpatient treatment. A.N. was initially taken to Swedish Medical Center (SMC) in Edmonds, but was soon transferred to Cascade Behavioral Health (CBH) in Tukwila.

On April 16, 2021, CBH filed a petition for a more restrictive 14-day involuntary treatment plan for A.N. The petition was signed by two employees: Patrick Swann and Kira Knight. Pursuant to RCW 71.05, both Swann and Knight attested that they evaluated A.N. and determined that he presented a likelihood of serious harm to himself and others, and that he was gravely disabled as a result of a mental disorder.

Four days later, on April 20, the parties appeared for a hearing on the 14-day petition. However, due to the court's time constraints, the hearing was recessed until the following day. The court heard testimony from multiple witnesses for the State, including Erica Williams, a records custodian from SMC, and Dr. Robert Beattey, a licensed clinical psychologist and court evaluator from CBH. The State did not call either of the CBH employees who signed the 14-day petition.

At the close of the hearing, after the parties had rested, A.N. moved to dismiss, arguing that RCW 71.05.230 requires at least one signatory of the petition to testify. The State objected to the motion as untimely under local court rules, but A.N. asserted that the issue was not ripe until the State had rested. The court disagreed with A.N. regarding ripeness, but set the matter over and requested briefing because there was a "legitimate question" as to whether a signatory was

required to testify.[3] The trial court provided an oral ruling on April 30, 2021. The court found good cause to consider A.N.'s untimely motion because it addressed an unresolved legal issue[4] which implicated A.N.'s due process rights. Additionally, the court ruled that a signatory was required to testify pursuant to RCW 71.05.230, and, as the State failed to call either Knight or Swann, the court dismissed the petition.

On May 13, 2021, the State appealed the dismissal order. In April, 2022, A.N. moved to dismiss the State's appeal as moot. A Commissioner of this court denied the motion to dismiss without prejudice to allow the panel to consider the question of mootness. Although both parties submitted initial briefing, the State's reply brief was rejected for failure to comply with the RAPs. The State did not refile it and therefore did not respond to A.N.'s arguments on mootness.

ANALYSIS

I.      Interpretation of RCW 71.05.230

The State is correct that the trial court improperly found that RCW 71.05.230 requires a signatory of the 14-day petition to testify at the probable cause hearing. A recent opinion of this court, Matter of Det. of C.I., 20 Wn. App. 2d 855, 506 P.3d 716 (2022), addressed not only the exact same issue presented here, but it also involved the same petitioner, signatory, and witness for the State. In that case, we

---

[3] In response to the defense motion, the State sought to reopen its case for the express purpose of presenting additional testimony from Beattey, but the court indicated that such testimony would not solve the issue raised by defense, as Beattey did not sign the petition. The record is clear that the State did not attempt to introduce testimony from either signatory to the petition.

[4] C.I. had not yet been decided at the time of this hearing. It was originally filed in February, 2022 as an unpublished opinion, 20 Wn. App. 2d 1071, but was refiled as a published opinion, 20 Wn. App. 2d 855, in March, 2022 after the panel granted a motion to publish.

expressly held "RCW 71.05.230 does not require that the author of the [14-day] petition be the person who testifies." Det. of C.I., 20 Wn.App.2d at 860. C.I. provides the statutory interpretation and clear authority the State sought in this appeal. On that basis, A.N. moved to dismiss the appeal as moot.

II.      Mootness

In its opening brief, the State seeks the reinstatement of the 14-day petition and that the case "be remanded for a new trial." A.N. argues that the State's appeal is moot because this court cannot provide the State with its requested relief. Further, A.N. argues that this appeal should be dismissed because it does not involve a matter of continuing and substantial public interest. A.N. is correct; the State's appeal is moot.

Regardless of the parties' desire for a determination, this court need not consider a question that is "purely academic." Grays Harbor Paper Co. v. Grays Harbor County, 74 Wn.2d 70, 73, 442 P.2d 967 (1968). When the court can no longer provide an appellant with effective relief, the case is moot. In re LaBelle, 107 Wn.2d 196, 200, 728 P.2d 138 (1986). Ordinarily, moot cases will not be decided on the merits; however, this court may decide such cases if they involve "'matters of continuing and substantial public interest.'" In re Det. of C.W., 147 Wn.2d 259, 270, 53 P.3d 979 (2002) (quoting Sorenson v. City of Bellingham, 80 Wn.2d 547, 558, 496 P.2d 512 (1972)). As our state Supreme Court has established, "the need to clarify the statutory scheme governing civil commitment is a matter of continuing and substantial public interest." Dunner v. McLaughlin, 100 Wn.2d 832, 676 P.2d 444 (1984).

The State has not provided this court with any authority to support its request for reinstatement of the dismissed petition. Further, we lack any information as to A.N.'s current status with regard to whether he currently presents a harm to self, or others, or is gravely disabled. On this record, this court cannot provide the basic relief that the State seeks, as this case is technically moot.[5] Matter of Swanson, 115 Wn.2d 21, 24, 804 P.2d 1 (1990). To determine whether a case involves sufficient public interest to warrant a decision on the merits, courts consider the following: "(1) the public or private nature of the question presented; (2) the desirability of an authoritative determination which will provide future guidance to public officers; and (3) the likelihood that the question will recur." Id. at 25 (quoting McLaughlin, 100 Wn.2d at 838). These factors weigh against review of this case. Although clarifying the provisions of the ITA is a strong, substantial, and continuing public interest, the exact provision at issue in this case has already been addressed in a published opinion of this court. There is neither a need for this court to repeat its guidance nor a likelihood that this question will recur in the future.

A.N.'s case does not involve a matter of "continuing and substantial interest" because this court's recent published decision in C.I. addressed the same legal issue under nearly identical circumstances. Moreover, the State failed to refile its reply brief after it was rejected for noncompliance with the RAPs, which leaves us

---

[5] The State also assigned error to the court's consideration of A.N.'s untimely motion to dismiss and denial of the State's request to reopen its case. Because the State did not file a reply brief addressing mootness, we are without argument as to whether these other challenges should be considered nonetheless. Because we dismiss the appeal as moot, we do not reach these remaining assignments of error.

without any arguments demonstrating a reason we should consider the question presented by its appeal.

Accordingly, the appeal is dismissed as moot.

WE CONCUR:

Smith, A.C.J.

Andrus, C.J.