[No. 33184. *En Banc.* November 10, 1955.]

RUTH REED HANSEN, *Individually, as Executrix, and as Guardian ad Litem, Appellant,* v. WEST COAST WHOLESALE DRUG COMPANY, *Respondent.*[1]

*George P. Gruger, Lycette, Diamond & Sylvester,* and *Earle W. Zinn,* for appellant.

*George H. Bovingdon,* for respondent.

OTT, J.—On December 18, 1953, the defendant, West Coast Wholesale Drug Co., gave its customary pre-Christmas party at which liquor was gratuitously served. Fred Bear was a guest, and left the party about 7:30 p. m., al-

[1] Reported in 289 P. (2d) 718.

legedly in an intoxicated condition. While driving his automobile, it collided with the automobile driven by Mr. Hansen. As a result of the collision, Mr. Hansen died and the other occupants of the car suffered personal injuries. Mrs. Hansen brought this action against the West Coast Wholesale Drug Co. to recover for the personal injuries sustained by herself and the minor occupant of the car, and for the wrongful death of her husband. The action was instituted under the provisions of RCW 4.24.100 [cf. Rem. Rev. Stat., § 7348] which provides, in part:

"Every husband, wife, child, parent, guardian, employee, or other person who is injured in person or property, or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action, in his or her own name, severally or jointly, against any person or persons who, by selling or giving intoxicating liquors, have caused the intoxication of such person, for all damages sustained, and they may be recovered in a civil action in any court of competent jurisdiction. On the trial of such action, the plaintiff or plaintiffs must prove that the intoxicating liquors were sold under circumstances sufficient to lead a man of ordinary intelligence to believe that the sale would probably result in intoxication. . . ."

The defendant demurred to the complaint, alleging that it did not state a cause of action. The demurrer was sustained. The trial court based its ruling upon its interpretation that the liability fixed by the statute arose only from the sale of intoxicating liquor. Plaintiff refused to plead further, and the action was dismissed by judgment entered October 21, 1954.

The plaintiff appealed, assigning as error the order of the court sustaining the demurrer, and the judgment of dismissal.

During the time that the cause was pending on appeal, chapter 372, Laws of 1955, p. 1538, was passed, which repealed RCW 4.24.100, *supra*, the statute upon which appellant's cause of action was based. The legislature did not incorporate in the repealing statute a saving clause as to pending causes of action. Appellant's appeal was pending

on June 9, 1955, the effective date of the repealing act. Supplemental appeal briefs were filed which brought before this court the issue raised by the repeal of RCW 4.24-.100, *supra*. The case was heard *En Banc* September 20, 1955.

The contention of the respondent is that the cause is now moot. The cause was not finally adjudicated by the judgment of dismissal entered by the trial court, because the appellant exercised her right of appeal. In the interim, the law which gave appellant a right of action was repealed. This being an action sounding in tort, appellant had no *vested right* until a final judgment in her favor had been entered. See 1 Sutherland, Statutory Construction (3d ed.), 528, § 2045.

In *Bailey v. School Dist. No. 49*, 108 Wash. 612, 614, 185 Pac. 810 (1919), this court said:

"The appellant had no vested right, prior to judgment, in a policy of legislation which entitled him to insist that that policy be maintained for his benefit. [Citing and quoting from *Beers v. Arkansas*, 61 U. S. 527, 15 L. Ed. 991.]"

In *Robinson v. McHugh*, 158 Wash. 157, 164, 291 Pac. 330 (1930), this court said:

"Where a tort action can be *brought only by virtue of a statute*, there can be no vested right therein, and the legislature may take away the right at any time."

The appellant had not reduced her cause of action to a final judgment in her favor prior to the effective date of the repealing statute. A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights. *Thomas v. Van Zandt*, 56 Wash. 595, 603, 106 Pac. 141 (1910). This court refuses to take jurisdiction of moot cases. *Bowen v. Department of Social Security*, 14 Wn. (2d) 148, 153, 127 P. (2d) 682 (1942).

Appellant was divested of her right of action by the legislature. Hence, the question is an abstract one which does not rest upon an existing right, and the issue before this court is moot.

We therefore do not reach the other contentions raised on appeal.

The judgment is affirmed.

ALL CONCUR.