[No. 8376–7–I.   Division One.   August 10, 1981.]

GLENDONNA MILLER DAVENPORT, ET AL, *Respondents,*
v. ELLIOTT BAY PLYWOOD MACHINES CO.,
ET AL, *Appellants.*

*Cable, Barrett, Langenbach & McInerney, Edward R. Langenbach, Grant Kinnear, Short & Cressman, Paul R. Cressman, John H. Strasburger, Graham & Dunn, Bruce M. Pym,* and *Ellen C. Dial,* for appellants.

*Sherrard, McGonagle & Sherrard* and *J. R. Sherrard,* for respondents.

Andersen, J.—

### Facts of Case

This is an appeal from a judgment entered following a trial to the court on stipulated facts. By declaring Dale Yates not to be a member of the Board of Directors of Elliott Bay Plywood Machines Company, a closely held Washington corporation, the effect of the judgment was to shift management control of the corporation from one group of shareholders to another. Mr. Yates and the shareholders allied with him bring this appeal.

At the corporation's annual meeting held on September 11, 1979, Dale Yates received 100 of the possible 100 votes cast and was elected to the board. He was at the time personal representative and a beneficiary of the estate of his late father, a shareholder of record in the corporation. Dale Yates did not at the time have any shares of stock in the corporation then standing in his own name.

Following Mr. Yates' election, a member of the respondents' group of shareholders challenged Yates' qualification to be a director on the ground that he was not a shareholder of record and therefore did not own the necessary one share of the corporation's stock required of directors by the articles of incorporation and bylaws.

### Ruling on Motions

At the outset, we conclude that this case is not moot despite Dale Yates having become a shareholder of record subsequent to September 11, 1979. A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights. *Hansen v. West Coast Wholesale Drug Co.*, 47 Wn.2d 825, 827, 289 P.2d 718 (1955). Here the issue of management control of the corporation persists. *See Ford Motor Co. v. United States*, 335 U.S. 303, 313, 93 L. Ed. 24, 69 S. Ct. 93 (1948).

From the record before us, there is no basis to justify dismissing the corporation as a party pursuant to RAP 18.9. The corporation is obviously a nominal party only. It has evinced an intent to join with the appellant's brief. No

more was required. RAP 10.1(g). The motion to dismiss the corporation as a party is denied.

We need not address the respondents' objections to the posttrial Neumann affidavit. We agree that this is in the nature of an agreed case and have not considered that affidavit.

The appeal on the merits presents a single issue.

ISSUE

Was Dale Yates an owner of any shares of capital stock in Elliott Bay Plywood Machines Company and therefore qualified to serve on its board of directors at the time of his September 11, 1979 election?

DECISION

CONCLUSION. On the merits, we hold that Dale Yates was the owner of capital stock in the close corporation on September 11, 1979 and was entitled to be a director on that date and thereafter.

The case was tried on stipulated facts without oral testimony, therefore, this court stands in the same position as the trial court in determining the facts. *Standard Pressed Steel Co. v. Department of Revenue,* 10 Wn. App. 45, 46, 516 P.2d 1043 (1973), *aff'd,* 419 U.S. 560, 42 L. Ed. 2d 719, 95 S. Ct. 706 (1975). Furthermore, in interpreting articles of incorporation and bylaws, we will apply general principles of contract law, *In re Olympic Nat'l Agencies, Inc.,* 74 Wn.2d 1, 4, 442 P.2d 246 (1968), including the principle that words used therein will be given their ordinary meaning unless a different meaning is clearly intended, *Terry Brink, Inc. v. Airheart,* 16 Wn. App. 380, 385, 558 P.2d 304 (1976).

The corporation's articles of incorporation and bylaws both require that in order to be a director, a person shall "own" at least one share of the corporation's capital stock.

Black's Law Dictionary 1259 (rev. 4th ed. 1968) defines "own" as

To have a good legal title; to hold as property; to have a legal or rightful title to; to have; to possess. The term does not necessarily signify absolute ownership in fee.

(Citations omitted.)

■ As personal representative of his father's estate at the time of his election as a director, Dale Yates had the legal right to possess his late father's stock in the corporation. RCW 11.48.020. His right to possession and control of all of the estate property, including the stock, is well settled. *Collins v. Northwest Cas. Co.*, 180 Wash. 347, 351, 39 P.2d 986, 97 A.L.R. 1235 (1935). Therefore, he did own capital stock in the corporation on September 11, 1979, the date of his contested election to the corporation's board of directors. *See* 19 Am. Jur. 2d *Corporations* § 1091, at 536 (1965); *People ex rel. Matthiessen v. Lihme,* 269 Ill. 351, 109 N.E. 1051 (1915).[1]

Being thus legally qualified in all respects, Dale Yates' September 11, 1979 election as a director of the corporation was legal and the trial court's judgment to the contrary must be reversed in its entirety.[2]

Reversed and remanded for proceedings not inconsistent with this opinion.

SWANSON and DURHAM, JJ., concur.

Reconsideration denied October 26, 1981.

Review denied by Supreme Court January 8, 1982.

---

[1]Nothing in the articles of incorporation or bylaws required a person to be a shareholder of record in order to serve as a director nor does state law so require. *See* RCW 23A.08.340.

[2]Our interpretation of the articles of incorporation and bylaws herein also accords with that of the shareholders of this close corporation whereby in past elections Dale Yates and others were elected and reelected directors of the corporation without having been required to be shareholders of record. *See Fancher v. Landreth,* 51 Wn.2d 297, 317 P.2d 1066 (1957).