[No. 7011–5–III. Division Three. December 16, 1986.]

*In the Matter of the Estate of*
LONNIE D. HATFIELD.

DONALD J. HATFIELD, *Appellant*, v. SHARLENE
STEINHOFF, ET AL, *Respondents*.

*Marshall S. Wolfram, Lohrmann, Parker & Wolfram, Wallis W. Friel,* and *Irwin, Friel & Myklebust,* for appellant.

*William E. Bloor,* for respondent Steinhoff.

*Terry R. Nealey* and *Nealey & Marinella,* for respondent Woolson.

GREEN, C.J.—The question on this appeal is whether, in the circumstances presented, a majority stockholder in a closely held family corporation may direct by will that an asset of the corporation be distributed to a member of the family who is not a shareholder.

Lonnie D. Hatfield owned 165 shares of stock in City Lumber and Coal Yard, Inc., a Washington corporation, in Dayton. The only other shareholder was his son, Donald J. Hatfield, who owned 35 shares. On February 20, 1981, Lonnie Hatfield executed a nonintervention will leaving all of his property to his two children. The will provided:

III.

I hereby give, devise and bequeath any interest that I have in the City Lumber and Coal Yard to my son, Don J. Hatfield.

IV.

All the rest, residue and remainder of my estate I give, devise and bequeath to my daughter, Sharlene Steinhoff.

On August 2, 1983, he executed a codicil which stated:

It is my wish to amend my Will in the following manner:

I hereby give and bequeath the sum of $35,000.00 from the cash of the City Lumber and Coal Yard to my

daughter, Sharlene Steinhoff.

All other provisions in my Last Will and Testament dated February 20, 1981, shall remain.

On November 12, 1983, Lonnie Hatfield died. The will and codicil were admitted to probate.

The personal representative petitioned the court for certain orders and instructions, one of which was to determine the time and payment of the $35,000 from the corporation to Sharlene Steinhoff. At the hearing on this petition, the two heirs took different positions. Donald Hatfield contended the codicil was invalid because his father did not have authority to make a bequest of corporate property to his sister. Sharlene Steinhoff took the position that since her father owned 82.5 percent of the stock—the overwhelming controlling interest and could have made the gift had he lived—the personal representative acting for the estate could effectuate the bequest. The trial court declared the codicil valid and directed the bequest be effectuated. Donald Hatfield appeals. We affirm.

■ Donald Hatfield contends a corporate asset cannot be distributed by bequest because to do so requires the corporate entity be disregarded. While neither party cites Washington law on the point, a majority of other jurisdictions have upheld the validity of such a bequest where the testator owned a majority of the stock on the theory the corporate entity may be disregarded when the rights of corporate creditors and minority shareholders are not at stake. Annot., *Validity, Construction, and Effect of Bequest of Property Owned by Corporation in Which Testator Has Majority Interest*, 78 A.L.R.3d 963, 968, 974, 986 (1977). *In re Estate of Greenfield*, 457 Pa. 114, 123, 321 A.2d 922, 927, 78 A.L.R.3d 955 (1974) states what appears to be the general rule: "[C]ourts in other jurisdictions which have confronted this question have generally concluded that, if no rights of creditors or other persons interested in the corporations are jeopardized, the testator's intent should be honored." Thus, in proper circumstances, courts have given effect to such bequests.

Donald Hatfield relies upon *In re Will of Lewis,* 115 N.Y.S.2d 791 (Sur. Ct. 1952) (use of corporate assets to satisfy marital deduction) and *Thompson v. Bank of Tuskegee,* 199 Ala. 67, 74 So. 37 (1917) (use of corporate assets to satisfy annuity) to support his position the codicil is unenforceable. These two cases are distinguishable on their facts. Neither will contained an express provision to satisfy the marital deduction or annuity from corporate assets. Here, it is the express intent of Lonnie Hatfield the bequest of $35,000 to his daughter be made from corporate assets. Thus, these cases do not involve a direct confrontation with the issue presented here.

Notwithstanding, Donald Hatfield contends the general rule should not be followed since taking $35,000 cash from the corporation would create a hardship on the corporation and be detrimental to him, the minority shareholder. We disagree.

Here, on the facts presented, the court declined to enter a finding of hardship. The evidence shows the corporation had in excess of $90,000 in cash, plus many other unencumbered assets at the time of the decedent's death. The earned surplus and undivided profits of the corporation were shown to be $175,856.65 in 1980; $191,057.83 in 1981; and $194,170.93 in 1982. Based on this evidence, the court decided the corporation would not suffer a hardship if the $35,000 bequest was effectuated and properly refused to enter a finding to the contrary. Further, we note there is no evidence that any rights of corporate creditors would be affected.

Finally, Donald Hatfield contends since the testator could not have made a gift of $35,000 from the corporation when he was alive, he should not be permitted to do so by will after his death. We disagree with the underlying assumption. Lonnie Hatfield could have given his daughter $35,000 cash from the corporation while he was alive. There were sufficient funds in the corporation to have done so. For example, if Donald Hatfield, as a director, had refused to vote for a distribution to the shareholders, Lonnie Hat-

field, having 82.5 percent of the shares, could have called a shareholders' meeting, RCW 23A.08.250, and removed him from the board of directors and elected a new board member who would have authorized the distribution. Lonnie Hatfield could then have given the $35,000 to his daughter. The personal representative of the estate stands in Lonnie Hatfield's shoes as a shareholder, *Davenport v. Elliott Bay Plywood Machs. Co.,* 30 Wn. App. 152, 155, 632 P.2d 76 (1981), with the power to vote the estate's shares to accomplish the testator's intent in the same manner as if Lonnie Hatfield were alive. RCW 23A.08.300; RCW 11.48.020. Consequently, the contention fails.

The award of attorney fees for this appeal shall abide the conclusion of the probate and be included as part of the total fees of the personal representative in probating the estate. The request for attorney fees pursuant to RCW 11.24.050 by Sharlene Steinhoff is denied as this is not a will contest within the meaning of RCW 11.24.050; *In re Estate of Wiltzius,* 42 Wn.2d 149, 253 P.2d 954 (1953).

Affirmed.

McINTURFF and THOMPSON, JJ., concur.

Reconsideration denied March 3, 1987.

Review denied by Supreme Court June 2, 1987.