FILED
COURT OF APPEALS
DIVISION II

2015 JAN 21 AM 9: 05

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| HAROLD RATH,<br><br>  Appellant/<br>  Cross-Respondent,<br><br>  v.<br><br>GRAYS HARBOR COUNTY, a municipal corporation and political subdivision of the State of Washington,<br><br>  Respondent/<br>  Cross-Appellant. | No. 45076-3-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — Harold Rath appeals the judgment entered in favor of Grays Harbor County following a jury trial on his claim that the County was liable for injuries suffered when he was bitten by a police dog during his arrest. The County cross-appeals the trial court's order denying its motion for summary judgment arguing that the trial court erred by denying its motion for summary judgment when the legislature abolished Rath's cause of action before trial. Because the legislature may abolish a statutorily created cause of action at any time, Rath no longer had a cause

of action when the legislature's amendment became effective. Therefore, Rath's appeal is moot. Accordingly, we dismiss Rath's appeal.[1]

## FACTS

On August 4, 2009, Grays Harbor County Sheriff's Deputy Kevin Schrader was on patrol when he observed a pickup truck creating a large cloud of dust. Schrader initiated a traffic stop of the truck. After attempting to hit Schrader's patrol vehicle, the driver of the truck sped down the road. Schrader identified Rath as the truck driver. Ultimately, Rath drove down a dirt road, swam across a river, and escaped.

Schrader identified the truck as stolen. A 12-gauge shotgun was found in the truck. And, at the time, there was a felony arrest warrant authorizing Rath's arrest on first degree kidnapping. Rath spent the next few weeks evading law enforcement in order to prevent being arrested.

On August 19, 2009, the Grays Harbor Sheriff's Office received information that Rath was in a trailer at a recreational park (RV) park in Hoquiam. Deputy Robert Crawford responded to the RV park with another deputy. Crawford was a K-9 handler and had his patrol canine, Gizmo, with him. Although the responding deputies repeatedly ordered Rath to surrender, Rath did not exit the trailer. Crawford deployed Gizmo to effectuate Rath's arrest. Rath immediately began striking and fighting Gizmo, but he was quickly subdued and successfully arrested. Rath sustained numerous injuries and was transported for medical care after his arrest.

---

[1] The County states that we do not need to consider its cross-appeal if the court's judgment is affirmed. Because we dismiss Rath's appeal as moot, the trial court's order remains unchanged and we do not address the County's cross-appeal.

No. 45076-3-II

On March 23, 2012, Rath filed a civil complaint for strict liability damages under the strict liability dog bite statute, RCW 16.08.040. At the time Rath filed the civil complaint, former RCW 16.08.040 (1941) was in effect and stated, in relevant part:

> The owner of any dog which shall bite any person while such person is in or on a public place or lawfully in or on a private place including the property of the owner of such dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

On June 7, 2012, the legislature added section (2) to RCW 16.08.040 which reads: "This section does not apply to the lawful application of a police dog, as defined in RCW 4.24.410." LAWS OF 2012, ch. 94, § 1.

In December 2012, the parties filed cross motions for summary judgment. Rath argued that the strict liability dog bite statute applied to police dogs owned by the County and there was no genuine issue of material fact. Therefore, he was entitled to judgment as a matter of law. The County moved for summary judgment arguing (1) the 2012 legislative amendments to the strict liability dog bite statute—which specifically excluded "the lawful application of a police dog"—terminated Rath's cause of action; and (2) Rath was not lawfully in the trailer at the time Gizmo bit him. The trial court denied both motions for summary judgment.

After the jury entered a verdict finding that Rath was not lawfully in the trailer, the trial court entered judgment for the County and dismissed Rath's claims with prejudice. Rath appeals, and the County cross appeals.

3

ANALYSIS

Rath argues that the trial court erred by denying his motion for summary judgment and by improperly instructing the jury on the definition of lawfully. The County argues that the trial court erred by denying its motion for summary judgment because the 2012 amendment to the strict liability dog bite statute eliminated Rath's cause of action. Because the legislature has abolished Rath's cause of action, Rath has no remaining cause of action and his current appeal is moot.

On March 23, 2012, Rath filed his civil complaint under former RCW 16.08.040. But, on June 7, 2012, Laws of 2012, ch. 94, § 1 amended RCW 16.08.040 by adding a section that read: "This section does not apply to the lawful application of a police dog, as defined in RCW 4.24.410."

A plaintiff has no vested right in a tort action until final judgment has been entered in his or her favor. *Hansen v. West Coast Wholesale Drug Co.*, 47 Wn.2d 825, 827, 289 P.2d 718 (1955). "'Where a tort action can be *brought only by virtue of a statute*, there can be no vested right therein, and the Legislature may take away the right at any time.'" *Hansen*, 47 Wn.2d at 827 (quoting *Robinson v. McHugh*, 158 Wash. 157, 164, 291 P. 330 (1930), *aff'd*, 160 Wash. 703, 295 P. 921 (1931)); *Sparkman & McLean Co. v. Govan Inv. Trust*, 78 Wn.2d 584, 587, 478 P.2d 232 (1970). Here, Rath's claim was under former RCW 16.08.040. Because Rath's claim was derived solely from a statute, he had no vested interest in the claim unless a judgment was entered in his favor. There was no judgment entered in Rath's favor at the time the statute was amended; therefore, any claim that Rath may have had under former RCW 16.08.040 was abolished by the legislature.

No. 45076-3-II

Once an appellant has been divested of his or her cause of action, the appeal becomes moot. *Hansen*, 47 Wn.2d at 827. Because the legislature divested Rath of his claim under former RCW 16.08.040 when Laws of 2012, ch. 94, § 1 became effective, Rath's appeal is moot.

We dismiss Rath's appeal as moot.

A majority of the panel having decided that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, P.J.

Maxa, J.

5