IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 83436-3-I |
| AZARIAH ROSS, | ) ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

BOWMAN, J. — A jury convicted Azariah Chenaz Ross of 16 felony crimes that he committed just after his 18th birthday. The court sentenced Ross to 564 months of confinement. In this personal restraint petition (PRP), the parties agree that we must remand several of Ross' convictions because the sentences exceed the statutory maximum penalty. But Ross argues that we should remand to resentence him on all of his convictions because he did not receive effective assistance of counsel. According to Ross, his attorney performed deficiently because she did not make legal argument or provide a factual basis to support her request for an exceptional sentence downward based on Ross' youth. We agree with Ross, grant the petition, and remand for resentencing.

FACTS

Ross and several other young men committed a string of home invasion robberies in 2012. Ross turned 18 years old soon after the first robbery.[1] The State charged Ross with 52 crimes, and the case went to jury trial in 2015.

---

[1] The crimes Ross committed as a juvenile are not at issue in this PRP.

Citations and pin cites are based on the Westlaw online version of the cited material.

The jury returned its verdict on September 1, 2015. It was unable to reach a verdict on several counts, and the court declared a mistrial as to those charges.[2] The jury also acquitted Ross of 4 charges, but convicted him of 16 crimes—3 counts of first degree robbery, 2 counts of first degree burglary, 6 counts of unlawful imprisonment, 1 count of theft of a firearm, and 4 counts of first degree trafficking in stolen property. The jury also found 11 firearm sentencing enhancements by special verdict.

Ross was 21 years old by the time the court sentenced him on October 12, 2015. The court calculated his offender score as "9+" for each offense. The standard range for each robbery conviction was 129 to 171 months plus a 60-month firearm enhancement. The standard range for each burglary conviction was 87 to 116 months plus a 60-month firearm enhancement. The standard range for each unlawful imprisonment conviction was 51 to 60 months plus an 18-month firearm enhancement. And the standard range for each trafficking in stolen property conviction was 63 to 84 months.[3]

Two of the robbery victims addressed the court at Ross' sentencing hearing. The State recommended the court impose high-end sentences on all counts because some of the crimes would go unpunished due to the multiple current offenses and Ross' high offender score.[4] It did not seek an exceptional

---

[2] The State indicated it would retry the counts on which the jury could not reach a verdict, and Ross ultimately pleaded guilty to 32 other offenses in 2016. The court imposed a concurrent 171-month sentence. The 2016 conviction is not at issue in this PRP.

[3] The court treated the theft of firearm and first degree burglary convictions as the same criminal conduct.

[4] See RCW 9.94A.535(2)(c).

sentence upward because it recognized that the mandatory firearm enhancements were extensive.

The defense asked the court to depart from the standard range and impose an exceptional sentence downward. Counsel asked the court to sentence Ross to serve only the mandatory 408 months of firearm enhancements. In support of her request, defense counsel argued the firearm enhancements alone were extensive, and several outstanding charges remained that the State intended to retry. She also noted that "Mr. Ross was a young man when this happened," and that he was suffering from a "serious chemical dependency."[5] Defense counsel provided no further argument in support of her request based on Ross' "young" age. The court noted that it could "see [Ross] has family members here" and asked defense counsel if anyone "wish[ed] to address the Court on behalf of the defendant." Counsel said, "No."

The court imposed high-end concurrent sentences on all but the first degree robbery counts, including 60-month terms for each unlawful imprisonment conviction. On the robbery convictions, the court imposed middle-range sentences of 156 months. Combined with the firearm enhancements, the court sentenced Ross to a total term of 564 months' confinement.

Division Two of our court considered and rejected Ross' claims of error, which were unrelated to this PRP, on direct appeal. State v. Ross, No. 48321-1-

---

[5] The State agreed there was "good evidence" that Ross' "drug use contributed to the offense, so I think drug treatment and drug-related conditions should be imposed."

3

II (Wash. Ct. App. Mar. 20, 2018) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2048321-1-II%20Unpublished%20Opinion.pdf. He then timely filed this PRP.

ANALYSIS

The parties agree that we must remand several of Ross' convictions for resentencing because the sentences exceed the statutory maximum penalties. But Ross argues that we should remand to resentence him on all of his convictions because his trial lawyer performed deficiently in seeking an exceptional sentence downward based on his youth without providing legal or factual support.[6] The State contends Ross' ineffective assistance of counsel claim is moot because the trial court has discretion on remand to determine whether to resentence Ross for the remaining counts. Alternatively, the State asserts Ross received effective representation at his sentencing hearing. We agree with Ross.

Standard of Review

Relief through a PRP is extraordinary. In re Pers. Restraint of Coats, 173 Wn.2d 123, 132, 267 P.3d 324 (2011). A petitioner may seek relief through a PRP when he is under unlawful restraint. RAP 16.4(a); In re Pers. Restraint

---

[6] Ross also claims counsel was deficient for not asking the court to impose an exceptional sentence by running the firearm enhancements concurrently with one another or with the base term of confinement. But firearm enhancements must run consecutively for adult offenders. RCW 9.94A.533(3)(e); see State v. Mandefero, 14 Wn. App. 2d 825, 830-31, 473 P.3d 1239 (2020) (holding that firearm enhancements remain mandatory and consecutive for adult offenders under State v. Brown, 139 Wn.2d 20, 29, 983 P.2d 608 (1999), overruled in part by State v. Houston-Sconiers, 188 Wn.2d 1, 391 P.3d 409 (2017)). An attorney does not perform deficiently by not seeking relief for which the defendant is not entitled. State v. King, 24 Wn. App. 495, 501, 601 P.2d 982 (1979) (counsel not ineffective for failing to present a defense unwarranted by the facts).

4

Petition of Cashaw, 123 Wn.2d 138, 148-49, 866 P.2d 8 (1994). A personal restraint petitioner must prove either a constitutional error that results in actual and substantial prejudice by a preponderance of the evidence or nonconstitutional error that " 'constitutes a fundamental defect which inherently results in a complete miscarriage of justice.' " In re Pers. Restraint Petition of Davis, 152 Wn.2d 647, 671-72, 101 P.3d 1 (2004) (quoting In re Pers. Restraint Petition of Cook, 114 Wn.2d 802, 813, 792 P.2d 506 (1990)).

Statutory Maximum Sentence

Ross and the State agree that Ross' sentences for unlawful imprisonment exceed the statutory maximum penalty for those crimes. We review de novo whether a sentence is legally erroneous. State v. Dyson, 189 Wn. App. 215, 224, 360 P.3d 25 (2015).

Ross' six convictions for unlawful imprisonment are all class C felonies. RCW 9A.40.040(2). The statutory maximum for a class C felony is 60 months. RCW 9A.20.021(1)(c). Here, the trial court imposed a sentence of 60 months on each unlawful imprisonment count, but it also imposed an 18-month firearm enhancement and 12 months of community custody for a total sentence of 90 months per conviction.

RCW 9.94A.533(3)(g) requires the court to reduce a base sentence if adding a firearm enhancement extends the total sentence above the statutory maximum. And RCW 9.94A.701(10) requires that the court reduce the community custody term "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the

5

statutory maximum for the crime." State v. Boyd, 174 Wn.2d 470, 472, 275 P.3d 321 (2012) (citing former RCW 9.94A.701(9) (2010)). We agree with the parties that Ross' sentences for unlawful imprisonment exceed the statutory maximum penalty and remand for resentencing on those counts.

Ineffective Assistance of Counsel

Still, Ross argues that the trial court should resentence him on all of his convictions because his lawyer was ineffective at the sentencing hearing. According to Ross, his lawyer asked the court to impose an exceptional sentence downward based on his youth but failed to support the request with legal authority or a factual basis. The State contends that the issue is moot or, in the alternative, that counsel did not perform deficiently.

An ineffective assistance of counsel claim presents mixed questions of law and fact that we review de novo. State v. K.A.B., 14 Wn. App. 2d 677, 707, 475 P.3d 216 (2020) (citing State v. Linville, 191 Wn.2d 513, 518, 423 P.3d 842 (2018)). The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington Constitution guarantee effective assistance of counsel. State v. Grier, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011) (citing Strickland v. Washington, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). To establish ineffective assistance of counsel, Ross must show that (1) defense counsel's conduct was deficient and that (2) the deficient performance resulted in prejudice. Grier, 171 Wn.2d at 32-33.

A.  Mootness

The State argues that Ross' ineffective assistance of counsel claim is moot because if we remand for resentencing on the unlawful imprisonment counts, the trial court will then have discretion to conduct a full resentencing.

As a general rule, we do not consider moot cases.  State v. Hunley, 175 Wn.2d 901, 907, 287 P.3d 584 (2012).  " 'A moot case is one which seeks to determine an abstract question which does not rest upon existing facts or rights.' "  State v. Sansone, 127 Wn. App. 630, 636, 111 P.3d 1251 (2005) (quoting Hansen v. W. Coast Wholesale Drug Co., 47 Wn.2d 825, 827, 289 P.2d 718 (1955)).  But a case is not moot if the court can still provide effective relief. State v. Turner, 98 Wn.2d 731, 733, 658 P.2d 658 (1983).

A trial court has discretion on remand to revisit issues that were not the subject of an earlier appeal.  State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009).  But an appellate court's mandate can limit the scope of a trial court's discretion to resentence on remand.  Kilgore, 167 Wn.2d at 42.  If the remand mandate does not limit the trial court to only ministerial corrections, the court may conduct a full resentencing.  State v. Toney, 149 Wn. App. 787, 792-93, 205 P.3d 944 (2009).  But if we determine that Ross is entitled to a full resentencing, the trial court must resentence him.  See State v. Stein, 140 Wn. App. 43, 55, 165 P.3d 16 (2007) (Under the law of the case doctrine, our decision is binding on further proceedings in the trial court on remand).  As a result, we can still provide Ross effective relief, and his ineffective assistance of counsel claim is not moot.

B.  Deficient Performance

An attorney's performance is deficient if it falls below an objective standard of reasonableness.  Strickland, 466 U.S. at 687-88.  A defendant alleging ineffective assistance must overcome a strong presumption that counsel's performance was reasonable.  State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009)).  If we can characterize counsel's actions as legitimate trial strategy or tactics, performance is not deficient.  Kyllo, 166 Wn.2d at 863.  But an attorney performs deficiently when "there is no conceivable legitimate tactic explaining counsel's performance."  State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004).  The relevant question is not whether counsel's choices were strategic, but whether they were reasonable.  Grier, 171 Wn.2d at 34.

In the context of investigating mitigating factors, we objectively review counsel's performance for " 'reasonableness under prevailing professional norms,' " including " 'a context-dependent consideration of the challenged conduct as seen from counsel's perspective at the time.' "  In re Pers. Restraint of Davis, 188 Wn.2d 356, 371, 395 P.3d 998 (2017)[7] (quoting Wiggins v. Smith, 539 U.S. 510, 523, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003)).  " '[R]easonable conduct for an attorney includes carrying out the duty to research the relevant law.' "  In re Pers. Restraint of Yung-Cheng Tsai, 183 Wn.2d 91, 101-02, 351 P.3d 138 (2015) (quoting Kyllo, 166 Wn.2d at 862).  Failing to cite controlling case law may amount to ineffective assistance.  State v. Hernandez-Hernandez, 104 Wn. App. 263, 266, 15 P.3d 719 (2001) (citing State v. Ermert, 94 Wn.2d

---

[7] Internal quotation marks omitted.

839, 850, 621 P.2d 121 (1980)). And failure to prepare and present facts necessary to support a legal strategy may amount to deficient performance. See K.A.B., 14 Wn. App. 2d at 706 (counsel's failure to take steps necessary to meaningfully prepare and present a diminished capacity defense was ineffective assistance).

A defendant's youth may offer a substantial and compelling reason to depart from the standard sentencing range. State v. O'Dell, 183 Wn.2d 680, 695-96, 358 P.3d 359 (2015). Age may mitigate a defendant's culpability, "even if that defendant is over the age of 18." O'Dell, 183 Wn.2d at 695. This is true because "many youthful defendants older than 18 share the same developing brains and impulsive behavioral attributes as those under 18." In re Pers. Restraint of Monschke, 197 Wn.2d 305, 313, 482 P.3d 276 (2021). But "age is not a per se mitigating factor automatically entitling every youthful defendant to an exceptional sentence." O'Dell, 183 Wn.2d at 695; Monschke, 197 Wn.2d at 325-26 ("every individual is different" and "[n]ot every 19- and 20-year-old will exhibit [youthful] mitigating characteristics").

A defendant bears the burden of proving by a preponderance of the evidence that there are substantial and compelling reasons justifying an exceptional sentence downward. RCW 9.94A.535(1); State v. Gregg, 196 Wn.2d 473, 478, 474 P.3d 539 (2020). A defendant over the age of 18 shows that youth is a mitigating factor if it in any way impaired his "capacity to appreciate the wrongfulness of his . . . conduct, or to conform his . . . conduct to the requirements of the law." RCW 9.94A.535(1)(e); In re Pers. Restraint of Light-

9

<u>Roth</u>, 191 Wn.2d 328, 335-36, 422 P.3d 444 (2018) (citing <u>State v. Ha'mim</u>, 132 Wn.2d 834, 846, 940 P.2d 633 (1997), <u>abrogated by</u> <u>O'Dell</u>, 183 Wn.2d at 698-99).[8]

A defendant "need not present expert testimony to establish that youth diminished his capacities for purposes of sentencing"; lay testimony may suffice. <u>O'Dell</u>, 183 Wn.2d at 697. For example, in <u>O'Dell</u>, the defense presented lay testimony from relatives, friends, and a family pastor attesting to O'Dell's immaturity and lack of identity. <u>O'Dell</u>, 183 Wn.2d at 697. And in <u>State v. Mandefero</u>, 14 Wn. App. 2d 825, 829, 473 P.3d 1239 (2020), the defense relied on testimony from two community members to argue that Mandefero's youthful impetuousness and recklessness diminished his culpability.

Here, defense counsel argued that the court should impose an exceptional sentence downward because "Ross was a young man when this happened." But she offered no factual support for her argument. Even though several of Ross' family members attended his sentencing hearing, defense counsel offered no testimony about Ross' home environment or family circumstances, immaturity, impetuosity, ability to appreciate risks and consequences, or any other factors

---

[8] <u>O'Dell</u> did not amount to a substantial change in the law. <u>See</u> <u>Light-Roth</u>, 191 Wn.2d at 336 (recognizing that <u>Ha'mim</u> "did not preclude a defendant from arguing youth as a mitigating factor but, rather, it held that the defendant must show that his youthfulness relates to the commission of the crime"). But the case clarified that the legislature did not necessarily consider "the relationship between age and culpability when it made the [Sentencing Reform Act of 1981, chapter 9.94A RCW,] applicable to all defendants 18 and older." <u>O'Dell</u>, 183 Wn.2d at 693. And <u>O'Dell</u> "broadened our understanding of youth as it relates to culpability." <u>Light-Roth</u>, 191 Wn.2d at 337.

relating to the mitigating circumstances of youth.[9]

Defense counsel also did not offer any legal support for her argument. She did not cite the court to RCW 9.94A.535(1)(e). Nor did she bring to the court's attention O'Dell, which our Supreme Court decided just months earlier,[10] clarifying that under RCW 9.94A.535(1)(e), a trial court has the authority to depart from a standard-range sentence based on youth. 183 Wn.2d at 698-99.

The State argues counsel's performance was not deficient because she made a strategic decision to seek an exceptional sentence down based not only on youth, but on youth "combined with his drug use." According to the State, it was reasonable for counsel "to emphasize drug addiction's impact on a young man instead of more exclusively focusing on youth." But the State does not explain how counsel's failure to offer any legal or factual support for her request based on youth advanced the argument that Ross was also struggling with drug addiction. The two theories were not mutually exclusive. See State v. Hamilton, 179 Wn. App. 870, 880-81, 320 P.3d 142 (2014) (deficient performance in not bringing a suppression motion that would not have jeopardized defense strategy

---

[9] In his PRP, Ross provides declarations from his mother, father, and two older sisters who had firsthand knowledge about Ross' upbringing, personality traits, and childhood influences. Ross' mother described him as "a very compassionate and loving young man who would give the shirt off of his back to anyone in need," but also "a young and immature boy who wanted to please others and follow others," who suffered from "expos[ure] to drugs and drinking by peers who also had lack of parental supervision due to working parents." His older sister described Ross as a quiet and thoughtful kid, but one who "saw things no child should see and bec[a]me wrapped up in the juvenile justice system." Ross' father described him as "insecur[e]" and "unusually susceptible to peer pressure," but also a "caring, compassionate young man" who, since his arrest, has made mature, responsible decisions. And another sister agreed that Ross' circumstances resulted from "his immaturity, impulsiveness, addiction, and susceptibility to peer pressure," but that "[s]ince being incarcerated, he has shown tremendous growth."

[10] The Supreme Court published O'Dell on August 13, 2015. The trial court sentenced Ross on October 12, 2015.

at trial). There is no reasonable explanation for why counsel requested an exceptional sentence downward based on youth, but then did not provide the trial court with compelling legal authority or a factual basis for her request. We conclude Ross' trial counsel performed deficiently.

C. Prejudice

Still, Ross must show that counsel's deficient performance caused him actual and substantial prejudice. Davis, 152 Wn.2d at 671-72. We apply the same prejudice standard to ineffective assistance of counsel claims brought in a PRP as we do on appeal. In re Pers. Restraint Petition of Crace, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012) ("[I]f a personal restraint petitioner makes a successful ineffective assistance of counsel claim, he has necessarily met his burden to show actual and substantial prejudice."). So Ross must show there is a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. Strickland, 466 U.S. at 693.

It is unclear from the record whether the sentencing court was aware of its discretion to impose an exceptional sentence based on Ross' youth. In response to Ross' request for a downward departure from the standard range, the prosecutor told the court:

> Your Honor, I think it's telling that [defense counsel] did not cite any particular basis for an exceptional sentence downward. RCW 9.94.535 does require a mitigating circumstance that does differentiate the crimes from other crimes of a similar nature, and it does not permit [an] exceptional sentence downward for, say, facts that are personal to the defendant.

12

> There is nothing that distinguishes these crimes from others of the same general nature that would permit the Court to impose an exceptional sentence downward.

The court responded only, "I am familiar with the case law. Thank you."

Before sentencing Ross, the court acknowledged that he "was about 18 years old when he committed these crimes." But nothing in the record shows that the court was aware of O'Dell and its recent holding that youthfulness, even in young adults, could amount to a mitigating circumstance justifying an exceptional sentence downward.

The record does show, however, that the court was amenable to considering mitigating circumstances when fashioning an appropriate sentence. The court placed great emphasis on the "nature of th[e] crimes" and on the trauma and fear suffered by the victims, yet it also recognized that "the firearm enhancements are substantial," and imposed mid-range sentences for the robberies despite the State's request for high-end sentences. And we cannot appreciate the effect Ross' family members would have had on the court's decision because they did not provide declarations or testify at sentencing. Under these circumstances, we conclude that there is a reasonable probability that but for defense counsel's deficient performance, the result of the proceeding would have been different.

We grant Ross' petition, vacate his sentence, and remand for a full resentencing.[11]

Brennan, J

WE CONCUR:

Coburn, J.                    Andrus, A.C.J.

---

[11] Because we remand for ineffective assistance of counsel, we do not reach Ross' argument that the trial court abused its discretion by not meaningfully considering his youth at sentencing or his request for a reference hearing.