**NOTICE: SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion. Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision. Slip opinions can be changed by subsequent court orders. For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion. Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports. An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.** The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports. Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| FISCHER STUDIO BUILDING CONDOMINIUM OWNERS ASSOCIATION, | No. 83801-6-I |
| Appellant, | DIVISION ONE |
| v. | PUBLISHED OPINION |
| CITY OF SEATTLE; 1516 2ND CONDOMINIUMS, LLC, | |
| Respondent. | |

COBURN, J. — Fischer Studio Building Condominium Owners' Association (Fischer) appeals the City of Seattle's design review approval of a proposed 46-story mixed-use apartment building for the site across an alley from the eight-story Fischer Studio Building. Fischer challenges the threshold determination that the proposal was not likely to have a probable adverse impact on the light and glare of the environment under the State Environmental Policy Act (SEPA). Fischer also claims that the city's Design Review Board applied its guidelines inconsistently as compared to an unrelated prior proposal for the same site.

While Fischer's appeal was pending, RCW 43.21C.501(3)(b) went into effect eliminating the ability to appeal SEPA claims related to light and glare. Because this new legislation curtailed this court's authority to review the SEPA-

Citations and pincites are based on the Westlaw online version of the cited material

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

related light and glare claims, we affirm the superior court's dismissal of those claims. As to the remaining claims, Fischer has failed to meet its burden in establishing that at least one of the standards under RCW 36.70C.130(1) has been met. Accordingly, we affirm the superior court's dismissal of those remaining claims as well.

FACTS

The Fischer Studio Building is an eight-story residential condominium located at 1519 Third Avenue in downtown Seattle. In 2018, developers (Applicant)[1] proposed to replace a four-story building and surface parking lot that sit southwest across an alley from the Fischer building. The proposed development (the Project), at 1516 Second Avenue, would be a dual-tower mixed use residential high-rise with its main entrance on Second Avenue. The 46-story project would include a 484-foot tower and a 160-foot tower connected by columns and would house 531 apartment units, retail, and parking for 268 vehicles. The plans included a double-height lighted lobby between the two towers.

In November 2019, the city's Design Review Board recommended that the design of the Project be approved, subject to the condition that it provide additional information related to the lighting feature in the lobby and any glare it would create in the alley facing the Fischer Building.

---

[1] Fischer identified the respondent as "1516 2nd Condominiums, LLC," the taxpayer for the property, in its complaint because the land use decision at issue in this appeal did not identify a person as the applicant or owner of the property by name and address. We note the City's decision of the director of the Seattle Department of Construction and Inspections identified the applicant as "Jodi Patterson-O'Hare."

No. 83801-6-I/3

The Seattle Department of Construction and Inspections (SDCI) is the agency tasked with evaluating the project under SEPA. In January 2021, the SDCI issued a determination of non-significance under SEPA. Fischer filed a notice of appeal to the city's hearing examiner. Fischer challenged the determination of non-significance under SEPA, asserting that (1) SDCI "did not collect, analyze, or require the necessary and adequate information upon which to make a determination on whether the proposal would have significant adverse impacts related to loss of light and human health"; and (2) "the Design Review Board's final recommendation reflects inconsistent application of the design review guidelines and contradicts prior decisions regarding the project site." [2]

After a hearing that occurred over five days in June, the hearing examiner issued its findings and decision in August 2021. The examiner found that Fischer had failed to establish evidence of probable, significant impacts from the loss of light. It also found that Fischer had failed to establish that the City had inconsistently applied its downtown guidelines to this Project as compared to another 2015 proposed development, Urban Visions, for the same location. The hearing examiner reasoned that the projects differed from one another.

Fischer next filed a complaint in King County Superior Court under the Land Use Petition Act (LUPA). On February 15, 2022, the court issued an order and judgment dismissing Fischer's LUPA appeal. The court concluded that Fischer failed to meet its burden to demonstrate that any of the standards set out in RCW

---

[2] Fischer also challenged the SEPA determination on several other bases that are not at issue in this appeal.

No. 83801-6-I/4

36.70C.130(1) were met, and that there was no clear error in the hearing examiner's findings related to SEPA. The court also concluded that there was no clear error in the hearing examiner's rejection of Fischer's claim that the design review board had inconsistently applied the applicable design guidelines. The trial court denied the petition and dismissed Fischer's complaint with prejudice.

Fischer filed a notice of appeal to this court on March 16, 2022.

DISCUSSION

Cause of Action

SEPA, chapter 43.21C RCW, requires analysis and disclosure of probable significant environmental impacts of a proposal. WAC 197.11.060(4). Where a project, such as a building, is proposed, the reviewing agency determines whether the proposal will "significantly [affect] the quality of the environment." RCW 43.21C.030(c). This is called a "threshold determination." RCW 43.21C.033; WAC 197-11-310. A threshold determination produces either a determination of significance (DS) or a determination of non-significance (DNS). WAC 197-11-310(5). If an agency determines that a proposal may have significant adverse environmental impacts, it issues a DS. WAC 197-11-360. Issuance of a DS triggers the requirement that the agency prepare an Environmental Impact Statement (EIS) that includes an analysis of alternatives to the proposal. RCW 43.21C.030; WAC 197-11-736. If an agency determines that a proposal will not significantly affect the environment, it issues a DNS and an EIS is not required. WAC 197-11-340.

In evaluating the potential environmental impacts of a project, the agency

4

No. 83801-6-I/5

is required to follow an "environmental checklist." WAC 197-11-315. The form of the checklist is provided by WAC 197-11-960 and lists several environmental elements that must be evaluated in making a threshold determination. Among them is the "light and glare" that will be produced by the proposed project and whether it will interfere with the environment where the project is proposed to be built. WAC 197-11-960.

While agency decisions under SEPA may be challenged when it is linked to a final government action that may be appealed, Int'l Longshore and Warehouse Union, Local 19 v. City of Seattle, 176 Wn. App. 512, 519, 309 P.3d 654 (2013), the legislature has exempted certain claims from being appealed. RCW 43.21C.501. Effective June 9, 2022, the legislature amended the statute that exempts from appeal certain project actions under SEPA.

> A project action pertaining to residential, multifamily, or mixed-use development evaluated under this chapter by a city or town planning under RCW 36.70A.040 is exempt from appeals under this chapter on the basis of the evaluation of or impacts to the light and glare element of the environment, so long as the project is subject to design review requirements at the local government level.

RCW 43.21C.501(3)(b). RCW 36.70A.040 establishes that a city the size of Seattle is required to conform to the Growth Management Act, chapter 36.70A RCW. Fischer filed a notice of appeal to this court on March 16, 2022, approximately three months prior to the effective date of the amended statute. Most of Fischer's claims on appeal relate to the effect of light and glare under SEPA.

The City argues that the June 2022 amendment of RCW 43.21C.501 bars Fischer's claims related to light and glare because it was enacted while the appeal was pending. Fischer argues that the emended statute is not retroactive and not applicable. We need not address whether the amendment applies retroactively because the instant case was pending appeal when the amendment went into effect.

When reviewing a superior court's decision under LUPA, this court stands in the shoes of the superior court. Families of Manito v. City of Spokane, 172 Wn. App. 727, 735, 291 P.3d 390 (2013) (citing City of Federal Way v. Town & Country Real Estate, LLC, 161 Wn. App. 17, 36, 252 P.3d 382 (2011)). Review is limited to the administrative record, without deference to decisions made by the superior court. Id. As a result, this court must address whether, if the amendment were enacted while the case was before the superior court, the case would be permitted to continue.

The Washington State Supreme Court has repeatedly held that where a cause of action is repealed or abolished prior to a final judgment, a claim based on that cause of action is extinguished. Seattle Rendering Works, Inc. v. Darling-Delaware Co., Inc., 104 Wn.2d 15, 19, 701 P.2d 502 (1985); Ballard Square Condo. Owners Ass'n v. Dynasty Const. Co., 158 Wn.2d 603, 617, 146 P.3d 914 (2006) (the legislature can abolish a statutory cause of action even if a plaintiff's lawsuit is pending, but it cannot do so after a trial court enters final judgment); Hansen v. W. Coast Wholesale Drug Co., 47 Wn.2d 825, 289 P.2d 718 (1955) (holding that where an appellant was divested of a cause of action while an

6

No. 83801-6-I/7

appeal was pending, the issue before the appellate court is moot); Bailey v. Sch. Dist. No. 49, 108 Wash. 612, 614, 185 P. 810 (1919) ("[A]ppellant had no vested right, prior to judgment, in a policy of legislation which entitled him to insist that the policy be maintained for his benefit"). A cause is not finally adjudicated by the judgment of dismissal entered by the trial court when appellants exercise their right of appeal. Hansen, 47 Wn. 2d at 827.

Fischer's appealed claims under SEPA fall into the category exempted from appeal by RCW 43.21C.501(3)(b) because they all relate to light and glare. The amendment became effective while this case was pending appeal. The amendment curtailed the cause of action upon which Fischer's claims were based requiring dismissal those claims, which the superior court had already done based on the merits prior to the statutory amendment.

Fischer argues that we should, nevertheless, consider the merits of its claims because it had previously petitioned for a writ of constitutional review. Fischer had included a petition for a constitutional writ of review in its original LUPA complaint to the superior court. The parties stipulated to the dismissal of the writ on November 23, 2021. Fischer fails to acknowledge that once parties agree and stipulate to the dismissal of an action, the court is required to follow the stipulation. CR 41(a)(1)(A). More importantly, LUPA explicitly provides that it "replaces the writ of certiorari for appeal of land use decisions and shall be the exclusive means of judicial review of land use decisions." RCW 36.70C.030. Fischer's dismissed petition for a writ of constitutional review does not grant this court authority to otherwise consider the merits of claims that cannot be

appealed. Thus, without reaching the merits, we affirm the Superior Court's

dismissal of the SEPA-related claims.

Design Review

Appellant next argues that the hearing examiner erred in approving the

city's "inconsistent application" of the design guidelines under the Seattle Municipal

Code Chapter 23.41. The hearing examiner found that

> [a]ppellant also fails to establish that the City inconsistently applied the Downtown Guidelines because its consideration of the Project differed in certain ways from its consideration of the prior 2015 proposal. The record does not support Appellant's suggestion that the Board intended to establish requirements that would govern all future development on the site. The evidence indicates that any differences in consideration are a result of the differences between the two proposals rather than an inconsistent application of the guidelines.

Appellant argues that the city's Design Review Board, under SMC

23.41.008.A.5, is mandated to "ensure fair and consistent application of Citywide

or neighborhood-specific design guidelines." Fischer argues that the Design

Review Board did not apply the design guidelines consistently to the Project as

compared to how it reviewed a different 2015 proposal, Urban Visions, for the

same site.

The City's Design Review Board is required to review the design for the

proposed development of a site in the downtown and mixed commercial zones.

SMC 23.41.004(A)(1)(c)-(d). The Design Review Board addressed light and

privacy in both the Project and in the 2015 Urban Visions proposal.

No. 83801-6-I/9

*A. Standard of Review*

Fischer brings this appeal under LUPA chapter 36.70C RCW. LUPA governs judicial review of land use decisions in Washington. Durland v. San Juan County, 174 Wn. App. 1, 11, 298 P.3d 757 (2012); RCW 36.70C.030.

Because Fischer seeks relief from the hearing examiner's decision, it bears the burden on appeal. Pinecrest Homeowners Assn v. Cloninger & Assocs., 151 Wn.2d 279, 288, 87 P.3d 1176 (2004). Under LUPA, "a court may grant relief from a local land use decision only if the party seeking relief has carried the burden of establishing that one of six standards listed in RCW 36.70C.130(1) has been met." Wenatchee Sportsmen Ass'n v. Chelan County, 141 Wn.2d 169, 175, 4 P.3d 123 (2000). Fischer must establish at least one of the standards set forth in (a) through (f) of RCW 36.70C.130. The standards are:

    (a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;

    (b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;

    (c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;

    (d) The land use decision is a clearly erroneous application of the law to the facts;

    (e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or

    (f) The land use decision violates the constitutional rights of the party seeking relief.

Fischer states that this claim "does not relate to SEPA, but to the City's

9

design review process at Chapter 23.41 of the Seattle Municipal Code." Fischer does not identify which standard under RCW 36.70C.130(1) applies to this claim, and, instead, argues that the Design Review Board "must ensure compliance with the city's 'design guidelines.'" The "guidelines" are not ordinances. They are not rules *regulating* the improvement, development, modification, maintenance, or use of real property. Fischer does not identify any law that requires the *enforcement* of the guidelines. The guidelines "provide a framework for discussing how design solutions for a specific proposal on a specific site can best address the urban design intentions of the downtown plan and code." Fischer focuses on the difference in suggestions the Design Review Board made between the Project and the proposed Urban Visions proposal from 2015. Though the two projects were for the same site, they were two different proposals. Urban Visions was a proposal for a 11-story office building. Fischer focuses on the fact that the Design Review Board had different recommendations for the different proposals but fails to identify any specific guideline that the board allegedly applied inconsistently. "It must be clear to a reviewing court what decision is presented for review." Durland, 174 Wn. App. at 14 (citing Vogel v. City of Richland, 161 Wn. App. 770, 780, 255 P.3d 805 (2011)).

More importantly, Fischer fails to identify which one of the standards set forth in (a) through (f) of RCW 36.70C.130 applies, let alone establish that it has met that standard. Accordingly, we affirm the superior court's dismissal of Fischer's remaining claims.

Attorney Fees

The City and Applicant together argue they are entitled to attorneys' fees

under RCW 4.84.370 because Fischer's claims fail.  RAP 18.1 allows the award

of attorney's fees on appeal if authorized by applicable law.  Fischer makes no

argument regarding attorneys' fees in either its opening brief or reply brief.

Fees and costs for an appeal of a land use decision are determined by RCW

4.84.370:

> (1) Notwithstanding any other provisions of this chapter, reasonable
> attorneys' fees and costs shall be awarded to the prevailing party or
> substantially prevailing party on appeal before the court of appeals or
> the supreme court of a decision by a county, city, or town to issue,
> condition, or deny a development permit involving a site-specific
> rezone, zoning, plat, conditional use, variance, shoreline permit,
> building permit, site plan, or similar land use approval or decision. The
> court shall award and determine the amount of reasonable attorneys'
> fees and costs under this section if:
>
> (a) The prevailing party on appeal was the prevailing or substantially
> prevailing party before the county, city, or town, or in a decision
> involving a substantial development permit under chapter 90.58 RCW,
> the prevailing party on appeal was the prevailing party or the
> substantially prevailing party before the shoreline[s] hearings board;
> and
>
> (b) The prevailing party on appeal was the prevailing party or substantially
> prevailing party in all prior judicial proceedings.
>
> (2) In addition to the prevailing party under subsection (1) of this section,
> the county, city, or town whose decision is on appeal is considered a
> prevailing party if its decision is upheld at superior court and on appeal.

The Washington State Supreme Court has held that a private party who

prevails on procedural or substantive grounds is properly awarded fees under

RCW 4.84.370(1) regardless of whether the court reaches the merits of the case.

Durland v. San Juan County, 182 Wn.2d 55, 79, 340 P.3d 191 (2014).  However,

a city or public entity is only permitted to be awarded attorneys' fees when it "succeeds in defending its decision on the merits." Id. at 78. This is based on the Supreme Court's interpretation of the statute, reasoning a decision is only "upheld" by a court where the decision of the court is "on the merits, not on procedural grounds." Id. at 79.

Because the Applicant prevailed at all levels of these proceedings, this court is without discretion and must award attorneys' fees to the Applicant under the LUPA statute. Because the City does not prevail on the merits of the SEPA-related claims, we reject the City's request for attorney's fees as to those claims.

Because Fischer failed to meet its burden under RCW 36.70C.030(1) as to its remaining claims, the City and Applicant are prevailing parties and we award attorneys' fees to both as to the claims related to the Design Review Board's application of design guidelines.

We award attorneys' fees accordingly.

CONCLUSION

RCW 43.21C.501(3)(b) curtails our ability to review Fischer's SEPA claims. For that reason, we affirm the superior court's dismissal of those claims. Because Fischer fails to meet at least one of the standards under RCW 36.70C.130(1) as to its remaining claims related to the Design Review Board, we also affirm the dismissal of those claims. We award attorney's fees to the

12

Applicant, but limit attorney's fees to the City as to only the claims related to the

Design Review Board.

Coburn, J.

WE CONCUR: